May Term,
1851.

DOE
v.
HALL.

Doe on the Demise of HOSIER *v.* HALL.

A *bona fide* purchaser at sheriff's sale of land, which the judgment-debtor had conveyed away previously to the judgment against him, but the deed for which had not been put upon record within ninety days of its execution, nor prior to the recording of the sheriff's deed, will hold the land.

A purchaser at sheriff's sale stands, in relation to the registration law, as though he was a purchaser at the same date from the execution-defendant himself.

All deeds conveying real estate in this state should be recorded within ninety days from their execution, be they executed wheresoever.

*Friday,*
*May 30.*

ERROR to the *Wells* Circuit Court.

PERKINS, J.—Ejectment for a tract of land in *Wells* county. The suit is upon the demise of *Robert Hosier*, and is against *Adnah Hall*, who was in possession under a sheriff's deed. Judgment below for the defendant.

It appears that in 1839 *Peter Studebaker*, then being the legal owner of the land in question, conveyed it, in fee-simple, to *Zimri Hosier*, of *Ohio*. The conveyance was duly recorded in *Wells* county. In *September*, 1844, *James R. Greer*, agent of said county, obtained judgment in the *Wells* Circuit Court against said *Zimri*, on execution upon which, on the 11th of *October*, 1844, the sheriff of the county sold said land to the defendant, *Hall*, who received the sheriff's deed on the day of sale, had the same immediately recorded, and was in possession in *August*, 1846, when this suit was commenced. The land sold for more than the amount of the judgment, and said *Zimri* received the overplus.

On the 14th of *December*, 1841, said *Zimri Hosier* made a deed, at *Montgomery* county, *Ohio*, conveying said land to *Robert Hosier*, the lessor of the plaintiff. This deed was not filed for record till the 11th of *July*, 1846. There is no evidence that *Robert* ever took possession, or that *Hall* had any notice of his purchase, nor does it appear whether the land was occupied or vacant at the sheriff's sale.

Here, then, is a *bona fide* purchaser, at sheriff's sale,

of land which the judgment-debtor had conveyed away

previously to the judgment against him, but the deed for which had not been put upon record within ninety days of its execution, nor prior to the recording of the sheriff's deed; and the question is, will the purchaser at sheriff's sale hold the land?

In *Orth* v. *Jennings*, 8 Blackf. 420, this Court held that a purchaser at sheriff's sale stood, in relation to the registration law, as though he were a purchaser, at the same date, from the execution-defendant himself; and such a purchaser, under the circumstances of this case, would hold, unless the fact that the deed by the execution-defendant, *Zimri Hosier*, to the lessor of the plaintiff, *Robert Hosier*, was made in another state would prevent. It is contended that section 7, p. 312, of the R. S. of 1838, in force when the deed under consideration was made, did not make void, as to a subsequent purchaser, an unrecorded deed executed in another state, and the language of that section alone well justifies such a conclusion; but considered in connection with section 11, p. 313, of the same statutes, and with the evils that must result from a different construction, we think the legislature intended that all deeds conveying land in this state should be recorded, be they executed wheresoever. And even if we are wrong in this, we think that section 25, p. 418, R. S. of 1843, should be so construed as to operate upon the deed in question. That section requires every conveyance of any real estate in this state to be recorded within ninety days from its execution. This section came into force in *April*, 1844, and the deed from *Zimri* to *Robert Hosier*, was not recorded till *July*, 1846. The sheriff's deed to *Hall*, was recorded in *October*, 1844. It is true that a deed executed before the passage of the foregoing section could not be recorded within ninety days from the date of the deed, but it could in ninety days from the coming into force of the section, and there can be no hardship in giving it a construction requiring deeds to be so recorded; and, did the statute of 1838 not apply to every

May Term,
1851.

deed, the mischief to be prevented would demand such a construction of the law of 1843.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Morrison* and *S. A. Major,* for the plaintiff.

*R. Brackenridge,* for the defendant.