BROSE v. DOE on the Demise of WILLIAMS and Another.

Ejectment. The following are the facts. In *October*, 1843, *L.*, who owned the land in dispute, sold the same to the lessors of the plaintiff, who neglected to have their deed recorded until *July*, 1845. In *September*, 1843, *C.* took out, from the *Vigo* Circuit Court, a writ of foreign attachment against *L.* The sheriff's return states that he had seized, as the property of *L.*, several tracts of land in said county. At the *No-*

*vember* term, 1843, publication of notice to *L.* of the pendency of the suit was proved and cause continued. At the next term another writ of attachment was ordered to be issued to *Vanderburgh* county and cause continued; that second writ was returned levied on the land in dispute. At the succeeding term. *L.* made default, damages were assessed, and judgment rendered against him, to be levied on the land attached in *Vanderburgh* county. In *February*, 1845, the sheriff, by virtue of an execution on said judgment, sold the land to the defendant, and, on the 18th of said month, made him a deed which was recorded on the 22d of *February*, 1845. The writs were each returnable in twenty days. *Held,* that the act of 1843 required no other continuance as to the first writ; that the second writ was a proceeding in that suit, and did not require any additional continuance or publication to give the Court jurisdiction of the whole case.

*Held,* also, that the concluding words of the writ, namely, that the sheriff should return the writ within twenty days, were surplusage.

A conveyance of real estate will, if not recorded in time, be defeated by a subsequent one if the latter be first recorded, unless the subsequent purchaser had notice of the prior conveyance.

APPEAL from the *Vanderburgh* Circuit Court.

BLACKFORD, J.—This was an action of ejectment against *Brose* for a tract of land in *Vanderburgh* county. Plea, not guilty. The cause was submitted to the Court, and judgment rendered for the plaintiff. A motion for a new trial was made by the defendant, but the motion was overruled.

The following are the facts:

On the 19th of *October*, 1843, one *Alexander J. Lawrence*, who then owned the land in dispute, sold and conveyed the same to the lessors of the plaintiff. These grantees, however, neglected to have their deed recorded until the 15th of *July*, 1845.

On the 8th of *September*, 1843, one *James B. Cochran* took out, from the *Vigo* Circuit Court, a writ of foreign attachment against said *Lawrence*, directed to the sheriff of that county. The sheriff's return to that writ states that he had seized, as the property of *Lawrence*, several tracts of land in said county (which tracts are described in the return).

At the *November* term, 1843, publication of notice to *Lawrence* of the pendency of the suit was proved, and the cause continued.

May Term,
1851.
———
BROSE
v.
DOE.

Monday,
July 14.

May Term,
1851.
_____
Brose
v.
Doe.

At the *May* term, 1844, another writ of attachment in the cause was ordered to be issued to *Vanderburgh* county; and the cause was continued. That second writ was accordingly issued, and was returned levied on the land in dispute.

At the *November* term, 1844, *Lawrence* made default, damages were assessed, and judgment was rendered against him, to be levied on the land attached in *Vanderburgh* county.

On the 15th of *February*, 1845, the sheriff of *Vanderburgh* county, by virtue of an execution on said judgment, sold the land in dispute to said *Brose*, and, on the 18th of the same month, made him a deed for the land. This deed was recorded on the 22d of *February*, 1845.

The plaintiff makes two objections to *Brose's* title.

The first objection is, that the judgment is void for the want of jurisdiction in the Court.

In support of this objection it is said that the writs of attachment were respectively returnable in twenty days.

The first writ commanded the sheriff to attach *Lawrence's* property in *Vigo* county, and safely keep the same, so that he might have it ready before the Court to be held on the first *Monday* in *November* then next, then and there in said Court to answer, &c. This writ, therefore, was in terms for an answer to the suit on the first day of the then next term. The concluding words of the writ, namely, that the sheriff should return the writ within twenty days, are surplusage.

The second writ issued under the act of 1843; and, therefore, though it appear on its face to be returnable in twenty days, it is not for that reason objectionable. R. S. 1843, p. 624, s. 13.

It is also said that the notice of the suit was published too soon. Such an objection was held insufficient in *Ziegenhager* v. *Doe* d. *Strong*, Smith's R. 174. (1)

It is also said that the judgment was rendered too soon. The suit was continued at the *November* term, 1843. At the *May* term, 1844, which was the next term after the first writ was returnable, the suit was again con-

tinued. The act of 1843, which took effect in *March*, 1844, required no other continuance as to the first writ. R. S. 1843, p. 773. The second writ, which was legally issued in the same suit with the first, and was a proceeding in that suit, did not, we think, require any additional continuance or publication of notice to give the Court jurisdiction as to the whole case.

It is said further that the land attached should have been described in the notice. The answer is; that the statute does not require such description.

It is said further that *Lawrence* had no land in *Vigo* county subject to attachment. But that does not appear by the record of the attachment-suit or by any other evidence. Land in that county was attached as the property of *Lawrence;* but what became of it we are not informed.

We have now noticed the reasons given to support the first objection to *Brose's* title.

The second objection made to that title is, that *Lawrence* had conveyed the land to the lessors of the plaintiff before the attachment issued.

This objection is not tenable. The lessors' deed was not recorded in the time prescribed by law; nor was it subsequently recorded till several months after *Brose* (who was a *bona fide* purchaser for value,) had caused his deed to be recorded. The case is within the principle decided in *Orth* v. *Jennings, et al.*, 8 Blackf. 420.

*Brose* also claimed the land sued for as a purchaser under an execution in favor of one *Williams;* but it is not necessary to examine that part of the case.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for another trial. Costs here.

*C. Baker*, for the appellant.

*J. G. Jones*, for the appellee.

(1) See 1 Carter's Ind. R. 296.