Bell v. Evans, et al.

## BELL v. EVANS, et al.

1. *Brown* v. *Tuthill*, 1 G. Greene 189, and *Hopping* v. *Burnam*, 2 G. Greene 39, held inapplicable to section 1211 of the Code of 1851.
2. UNRECORDED DEED. Under section 1211 of the Code, an unrecorded deed is valid against all persons except subsequent purchasers for a valuable consideration without notice.
3. JUDGMENT CREDITOR NOT A PURCHASER. A judgment creditor of the grantor of real estate, conveyed prior to the rendering of judgment, is not a purchaser within the meaning of the law.
4. GRANTOR HAS NO LIEN. The grantor has no interest, either legal or equitable, after conveyance, upon which a judgment subsequently rendered, can attach as a lien.
5. PURCHASER AT SHERIFF'S SALE. *Semble* that a purchaser of real property at sheriff's sale, without actual or constructive notice of a prior unrecorded deed, is a purchaser, within the meaning of section 1211 of the Code.
6. ACKNOWLEDGMENT OF A DEED. The certificate of the officer taking

the acknowledgment of a deed, should show the following acts of the grantor: 1. That he personally appeared before the officer. 2. That he acknowledged the signing of the deed. 3. That it was his voluntary act. It should also show certain conclusions of the officer: 1. That the party who thus appeared is personally known to him. 2. That he is the same party who signed the deed as grantor. 3. That he acknowledged the signing of the deed to be his voluntary act.

7. SAME: EQUIVALENT WORDS. The certificate need not be in the exact language of the statute; it is sufficient if words of the same import are used. The words, "well known to me," when used in a certificate of acknowledgment, are equivalent to the words, "personally known to me."

8. SAME: REFERENCE. The officer taking the acknowledgment, may refer in his certificate to the body of the deed, identifying the grantor's name therein, as the one referred to in the certificate.

*Appeal from Madison District Court.*

TUESDAY, APRIL 10.

THE plaintiff claims to be the owner of the north-east quarter of section number two, township seventy-five, range twenty-six, west, in Madison county, by virtue of a title from Isaac C. Smith to Milton Smith, bearing date August 2d, 1854, recorded February 22, 1859; and by deed from Milton Smith, to plaintiff, dated December 12th, 1854, recorded February 26th, 1859. Upon the 15th day of October, 1857, one Alexander Roberts recovered judgment in the District Court of said county against the said Isaac C. Smith, and one Jesse C. Young; which judgment was assigned on the 2d day of February, 1859, to the defendant Vawter, who caused execution to issue thereon, by virtue of which said defendant Evans, as sheriff, levied upon said described real estate as the property of said Isaac C. Smith, and advertised the same for sale on the 16th day of April, 1859, to satisfy said judgment.

The complainant filed his petition in the District Court of said county and obtained an injunction against defendants, restraining them from selling said lands, which was duly served on the 26th day of February, 1859; and upon a hearing in the District Court of said county, the injunction, by

Bell v. Evans, et al.

order of said court, was made perpetual, from which order defendants appealed.

*McPherson & Elliott* for the appellant.

I. A judgment lien takes precedence of a prior unrecorded deed.  *Brown* v. *Tuthill*, 1 G. Greene 189; *Hopping* v. *Burnam*, 2 Ib. 39; *Hervey* v. *Champin*, 11 Hump. (Va.) 569; *Clements* v. *Barg*, 11 How. U. S. R. 398; *Frothingham* v. *Stacker*, 11 Mo. 77; *Reed* v. *Austin*, 9 Ib. 722; *Irving* v. *Campbell*, 6 Binn. 118.

II. Real estate can be acquired only by descent or purchase. Any person who acquires an interest in realty, by his own act is a purchaser.  *Porter* v. *Green*, 4 Iowa 571.

III. The certificate of acknowledgment of the deed is fatally defective in not stating that the grantors were personally known to the officer who took the acknowledgment, as the identical persons whose names are affixed to the deed as grantors, and the court therefore erred in permitting it to be read in evidence.  *Gould* v. *Woodward*, 4 G. Greene 82.

*A. J. Baker* and *Leonard & Mott* for the appellee.

I. An unrecorded deed is valid against all persons except purchasers for a valuable consideration without notice.  A judgment creditor is not a purchaser within the meaning of that section.  *Jackson* v. *Burgett*, 10 Johns. 461; *Jackson* v. *Dubois*, 4 Ib. 216; *Jackson* v. *Long*, 13 Ib. 471; *Jackson* v. *Town*, 4 Cow. 606; *Jackson* v. *Post*, 9 Ib. 120.  Section 1211 of Code, is similar to the New York law, which is modeled after Statutes of 2 and 3 Anne, ch. 4; conflicting decisions are invariably based upon statutory provisions different from the Code.

II. The deed conveys the interest of the grantor, and is valid without an acknowledgment as between the parties. If the judgment debtor has conveyed real estate before the rendering of the judgment, he has no title or interest in it

after the delivery of the deed, upon which a judgment lien will attach. Code section 2485.

III. The acknowledgment is in substantial compliance with the statute, which is sufficient. 1 Iowa 413.

BALDWIN, J.—Two causes are assigned by appellants and urged by counsel in their argument for reversing the decree of the District Court.

I. That the lien of the judgment of Roberts, who assigned to Vawter, is paramount to the unrecorded deeds of Smith to Smith, and Smith to Bell; that as neither Roberts nor Vawter, as a judgment creditor of Smith, had any notice whatever, either actual or constructive, of Bell's purchase of said land, that said judgment is a lien upon said land; and that as the judgment creditor of said Smith, Vawter has a right to sell the same. It is claimed that the question as to the priority of a judgment lien over that of an unrecorded deed has been settled by the courts of a large number of the states under statutes like the one now in force in this State; and also by the Supreme Court of this State, in the cases of *Brown* v. *Tuthill*, 1 G. Greene 189; and in *Hopping* v. *Burnam*, 2 G. Greene 39. In both cases thus cited it was decided that a judgment lien would hold against a prior unrecorded deed without notice. In both of these causes so decided the court had to place a construction upon the registry law then in force, which in reference to the conveyance of real estate, declared, that "no instrument in writing shall be valid, except between the parties thereto and such as have *actual* notice thereof, until the same shall be left with the recorder for record." Rev. Stat. 1843, page 209, section 31.

This cause must be determined under the registry law now now in force, which provides, "that no instrument affecting real estate, is of any validity against *subsequent purchasers* for a valuable consideration without notice, unless recorded in the office of the recorder of deeds of the county in which the land lies." Code section 1211. There is a marked difference between the two statutes. Under the former no deed

was of any validity without notice unless recorded, except between the parties, while under the latter it is good against every person except *subsequent purchasers* for a valuable consideration, without notice. In the cases above cited, the parties claiming title by virtue of judgment, sale and purchase, had their deeds recorded. In this case there is no subsequent purchaser, as yet no title has passed, none was recorded prior to the deed of Bell. If defendant, Vawter, or any one else, had become a purchaser of this land at the sale which was advertised to take place, what right would he have obtained. His purchase would have related back to the date of the judgment and he could have only acquired the interest of Smith therein, at the date of the rendition of said judgment, which was a lien only upon the land owned by Smith at the time it was rendered. Bell's right began long before this. In 1854 he had purchased this land, had paid his money and received a deed therefor. Smith had, long before this judgment was rendered against him, parted with all his interest therein and had ceased to be the owner thereof. He had no interest in said land, either legal or equitable, upon which the lien of the judgment could attach. See *Norton, Jewett & Busby*, v. *Williams*, 9 Iowa 528.

We think Smith was not the owner of said land at the time judgment was rendered against him; that Vawter was not a purchaser. He has not bid on said land, has paid no money thereon, has no title for the same. That prior to any such purchase Bell's deed is filed and defendant has notice of Bell's equities in such land, not only by the recording of the deed, but by the claim of Bell thereto, as set up in the petition for an injunction, of which defendant has been duly advised.

II. The second error assigned is that the deed from Isaac C. Smith to Milton Smith is defectively acknowledged, and that it could not be properly considered by the court as evidence of title in the complainant. The acknowledgment reads as follows:

" *Madison County, State of Iowa*, ss.

Before me, David Fife, a justice of the peace in and for

said county, personally appeared and well known to me, the within named Isaac C. Smith, and Catherine Smith, wife .of the said Isaac C. Smith, and acknowledged the signing of the within conveyance to be their voluntary act and deed."

(Dated and signed.)

The statute requires that the certificate of the officer shall show, that the "persons making such acknowledgment were personally known to the officer taking such acknowledgment to be the identical persons whose names are affixed to the deed as grantors." Under this law it is required that the certificate shall show certain acts of the parties : 1st, that they personally appeared before the officer ; 2nd, the acknowledging of the signatures to the deed ; 3d, that it was their voluntary act. The certificate must show certain conclusions of the officer : 1st, that the parties who thus appeared were personally known to him ; 2d, that they were the same parties who signed the deed as grantors ; 3d, that the parties thus appearing acknowledged the signing of the deed to be their voluntary act.

There are certain words omitted in this certificate, such as, "personally," and "to be the identical person whose names are affixed to the deed as grantors." It has been held by this court, that the exact language of the statute need not be followed by the officer in his certificate, but words of the same import are sufficient. 1 Iowa 413.

It has also been held that in such acknowledgments the words "well known to me," are of the same import, as the words "personally known to me." 2 Cow. 566 ; 9 Mo. R. 510. The officer taking the acknowledgment may properly refer in his certificate to the body of the deed, identifying the one with the other. 5 Iowa 157.

With these rules to direct us, let us consider whether or not all the requisites of a certificate as regarded by the statute are complied with in this acknowledgment : 1. The parties personally appeared before the officers. 2. They acknowledged the signing of the deed. 3. That it was

Bell v. Evans, et al.

their voluntary act.    This was all the grantors were required to do; that they so complied with the requisites fully appears. But the conclusions of the officer in regard to certain facts must also appear in the certificate.    1. That the parties who thus appeared were personally known to him.    The officer here certifies that "personally appeared and well known to him" the within named Isaac C. Smith and Catherine Smith. By giving to the words "well known" the same import as the words "personally known," and by reference to the body of the deed we find that the parties who personally appeared were the "within named, Isaac C. Smith and Catherine Smith."    Hence we conclude, with this construction of "well known," and by reference to the body of the deed, that it fully appears that these parties were "personally known to the officer taking the acknowledgment."    2. The certificate must show that the parties who thus appeared were the same persons whose names were affixed to the deed as grantors.    The officer in this certificate refers to the body of the deed for this purpose by using the phrases "within named" and "within conveyance."    By reference to the body of the deed we ascertain that Smith and wife are the only names affixed thereto as grantors; that by the certificate, Smith and wife, are the parties who personally appeared before the officer, and who acknowledged the signing of the "within conveyance;" that they were the same parties, (the "within named," Smith and wife) who appeared before him," &c. 3. It fully appears by the certificate that it was their voluntary act.    We think that by giving the language used in this certificate, a fair and reasonable construction, there is sufficient grounds to show that each requirement of the statute has been complied with, and that the District Court properly admitted the deed in evidence, to show title in complainant.

The decree of the District Court is affirmed.