## RUNYAN and Others v. McCLELLAN and Others.

DEED—RECORD OF.—A executed to B a deed for certain real estate, which was not put on record for more than a year. After the making of the deed, but before it was recorded, C recovered a judgment against A, upon which D became replevin bail, neither of them having any knowledge of the unrecorded deed, and D having entered himself as bail on the judgment in the belief that the land belonged to A. Suit by C and D to subject the land, alleging the insolvency of A.

*Held*, that C acquired by his judgment no lien on the land, because A had then no interest in the land to which the judgment could attach, and the failure of B to put his deed on record could give to C no interest in, or lien on, the land.

*Held*, also, that D could occupy no better position than the judgment plaintiff, and if the deed was valid against him, it was also valid against the replevin bail.

*Held*, also, that construing secs. 11 and 16 of the act concerning real property, 1 G. & H. 259, 260, together, they must be held to mean that a deed not recorded within ninety days is void only as to a person who has, without notice, in good faith, and for a valuable consideration, acquired a legal interest in the land.

APPEAL from the *Johnson* Common Pleas.

ELLIOTT, C. J.—This was an action by *Israel Runyan* and *McDonald & Roache* against *Joseph McClellan*, *Jacob McClellan* and *William Barnett*. The complaint consists of three paragraphs. Upon the first and third issues were made, and tried by the court, who found for the defendants. To the second paragraph the court sustained a demurrer, and this ruling presents the only question for the consideration of this court.

That paragraph alleges substantially these facts: On *June* 12th, 1860, *Joseph McClellan*, one of the defendants, by deed in fee, conveyed to the other defendants, *Jacob McClellan* and *William Barnett*, a lot of ground in the town of *Franklin, Johnson* county, describing it. The deed thus made was not recorded until the 12th of *June*, 1861. In the meantime, viz: at the *February* term, 1861, *McDonald & Roache*, two of the plaintiffs, recovered a judgment against the defendant, *Joseph McClellan*, in the *Johnson* Common Pleas, for $990, and on the 20th of *February*, 1861, the plaintiff, *Runyan*, became replevin bail on that judgment. When *McDonald & Roache* recovered said judgment they had not, nor had they at any time until said deed was recorded, any knowledge of its existence. *McClellan*, at the time of the entry of the judgment against him, was, and at all times since has been, and still is, wholly insolvent. It is averred that *Runyan*, prior to the entry of replevin bail, was assured by said *Joseph McClellan*, that the lot in question was unincumbered; that he examined the recorder's office of said county, and found the same unincumbered, and the title thereof to be in *Joseph McClellan;* and fully believing that said *Joseph McClellan* was the owner of the lot, he was induced to, and did, become such replevin bail. It is further averred that said *Runyan* had no notice or knowledge of said deed until after it was put on record, and that the judgment against *Joseph McClellan* remains wholly unpaid.

Does the paragraph present a good cause of action? In framing it, the pleader probably intended to base it on § 11, of the "Act concerning real property and the alienation thereof," 1 G. & H. 259, which declares that, "No conveyance of any real estate in fee simple, &c., shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time, and in the manner provided in this act." The sixteenth section of the act provides when and where such deed shall be

recorded, and its provisions must be looked to in ascertaining the proper construction to be given to, and the effect of, the former section. The latter provides that "every conveyance or mortgage of lands, or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated; and every such conveyance or lease, not so recorded within ninety days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser or mortgagee, in good faith, and for a valuable consideration." In this case, the deed was not recorded within the time limited by the statute, nor until after the recovery of the judgment in favor of *McDonald & Roache* against *Joseph McClellan*, the grantor, and the entry of replevin bail thereon by *Runyan*.

Under the provisions of §§ 526 and 527 of the code, 2 G & H., 263, 264, the judgment was a lien, from the date of its rendition, on all the lands of the said *Joseph McClellan*, whether in possession, reversion, or remainder, &c. But as he had sold and conveyed the lot in controversy to *Jacob McClellan* and *William Barnett*, long prior to the date of the judgment, he had no title or interest in it, at that time or afterward, to become the subject of a judgment lien. The judgment plaintiffs, therefore, acquired no lien on, or interest in, the lot by their judgment.

The deed was valid as against *Joseph McClellan*, the grantor and judgment defendant; and as the plaintiffs, *McDonald & Roache*, can only claim an interest in the lot by virtue of their judgment attaching as a lien thereon, through a title in him, and as no such title existed, it follows that a failure to record the deed within the time required by the statute, and the ignorance of the judgment plaintiffs of its existence, cannot create such lien. But it is insisted that *Runyan* was induced to become replevin bail on the judgment, under the belief that the title to the lot was in *Joseph McClellan*, and the judgment a lien thereon, and that, therefore, he is injuriously affected by the failure

to record the deed within the time limited by the statute. By becoming replevin bail, *Runyan* became a judgment debtor, not a judgment creditor. The lien of the judgment operated not for, but against him, as it bound his real estate in the county for its payment; and if, by reason of his liability as such bail, he is regarded in the light of a creditor of *Joseph McClellan*, still, we are at a loss to see how he can occupy any better position than the judgment plaintiffs; and, therefore, in our judgment, if the deed is valid against the judgment plaintiffs, it must also be held valid as against the replevin bail.

In *Chenyworth* v. *Daily*, 7 Ind. 284, it was held by this court, that a mortgage of personal property, the mortgagor remaining in possession of the mortgaged goods, and the mortgage not being recorded within ten days from the date of its execution, was absolutely void as to creditors, and it is insisted that the statute under which that ruling was made, is similar to the one under consideration, and that the decision in that case is, therefore, decisive of the construction to be given to this statute. But we do not think so. There the statute provided that, "No assignment of goods and chattels, by way of mortgage, shall be valid against any other person than the parties thereto, where the possession of such goods," &c., "is not delivered to the mortgagee, unless such assignment shall be proved or acknowledged," &c., "and recorded," &c., "within ten days after the execution thereof." No exception is made as to persons having notice of the existence of the mortgage, and it was held, therefore, that it was absolutely void as against creditors. But in the case at bar, the eleventh section expressly excepts from the benefits of the statute persons having notice thereof; whilst section 16 only renders such an unrecorded deed to lands, "fraudulent and void, as against any subsequent purchaser or mortgagee in good faith, and for a valuable consideration." There is no conflict in these sections, and they must be construed together. Both, in effect, provide that such an unrecorded deed shall be valid

as against all persons having notice thereof; whilst section sixteen more clearly defines the class of persons as to whom it shall be void, viz: "any subsequent purchaser, or mortgagee, in good faith, and for a valuable consideration." In looking at the provisions of both sections, and construing them together, we think it clear that the deed can only be held void as to a person who has, without notice, in good faith, and for a valuable consideration, acquired a legal interest in the land.

The paragraph of the complaint under consideration does not show that the plaintiffs, or either of them, have acquired such an interest, and the demurrer to it was, therefore, correctly sustained.

The judgment is affirmed, with costs.

*S. Major*, for appellant.

*T. W. Woollen*, for appellee.