## DAWKINS v. KIONS.

VENDOR AND PURCHASER.—*Recording of Deeds.*—*Subsequent Purchaser.*—
*Subrogation.*—In September, 1856, A. sold and conveyed by warranty
deed certain land to B. for a valuable consideration, and said deed was
not recorded till November, 1861.    B. conveyed, January 23d, 1869,
to C., who was not to pay the purchase-money unless he could recover
possession of the land by suit.    His deed was recorded April 19th, 1869.
In March, 1860, the sheriff sold and conveyed said land to D., under a
decree of foreclosure and judgment, to which B. was not a party, against
A., rendered in 1857 and assigned to D., on a mortgage which was
prior in date and lien to said deed of A. to B. ; and in April, 1860, A.
conveyed said land by quitclaim to D., who, at the time he received
said conveyances, had neither actual nor constructive notice of said con-

veyance to B. In May, 1862, in an action brought by A. against D.. said foreclosure sale and said quitclaim were confirmed, and it was decreed that D. was vested with the legal title to said land, and held it in trust for A., and that A. should pay D. a certain sum before the 1st of January, 1864, upon which the title in fee to said land should be vested in A., discharged of all claims of D., who should then convey to A., or his assigns, by quitclaim, and in default thereof the decree should operate as such conveyance. Afterwards, in March, 1863, E. purchased said decree of D., and D., upon written request of A., entered on the order book following said decree, conveyed said land by quitclaim deed to E., upon payment by him of a certain sum to D., who acknowledged said payment in writing on the order book after said decree, and A. conveyed said land to E. by quitclaim deed, said deeds to E. being duly recorded within ninety days after their date. E., for a valuable consideration, conveyed said land to F. by quitclaim deed, dated July 3d, 1869, and recorded August 17th, 1869. Neither E. nor F., at the time of purchase, had actual notice of the conveyance to B.

*Held*, in an action by C. against F. to recover possession of said land, that whether the conveyance to D. be regarded as giving him a title in fee simple or as operating as a mortgage, the conveyance of A. to B. was void as to D. and his grantees.

*Held*, also, that said decree in said action of A. against D., purchased by E., would, if necessary, be regarded as in force for the protection of E. and his grantees.

From the White Circuit Court.

*J. H. Matlock,* for appellant.

*G. O. Behm, J. Park* and *A. O. Behm,* for appellee.

DOWNEY, C. J.—This was an action by the appellant against the appellee. The complaint is in three paragraphs. The first is in the usual form for the recovery of real property; the second is for the rents and profits of the real estate; and the third is to quiet title to the same real estate. The answer to each paragraph was by a general denial. The trial was by the court, and, by request, there was a special finding of the facts and conclusions of law, favorable to the defendant. The plaintiff excepted to the conclusions of law, and has assigned such conclusions of law as error, in this court. The special finding and conclusions of law are as follows:

"At the request of defendant's counsel, made at the time of the submission of the above entitled cause for trial, the

court now renders a special finding of facts and conclusions of law in said cause, viz.: It is found that, on and before the 30th day of September, 1856, John Kions was the owner in fee simple of the lands described in the complaint, to wit, the southwest quarter of the southeast quarter of section nine, township twenty-five (25) north, of range four (4) west, lying in White county, and State of Indiana; that both plaintiff and defendant claim title to said land through said John Kions; that on the 30th day of September, 1856, said John Kions sold and conveyed said land, by deed of general warranty, and for a valuable consideration, fully paid, to Milam A. Kions, which deed was recorded in said county, November 23d, 1861; that Milam A. Kions and wife conveyed said lands by deed to plaintiff, Matthew J. Dawkins, January 23d, 1869, which deed was recorded April 19th, 1869; that the defendant has been in the use and occupation of said premises for —— years, and the same is of the value of four hundred and fifty dollars.

" On the 24th day of March, 1857, Hiram W. Chase recovered a decree of foreclosure and judgment against said John Kions for eight thousand nine hundred and seventy dollars.

" The above lands were embraced in said foreclosure, and included in the mortgage. An order of sale was thereafter issued on said judgment and decree of sale, and, on the 30th day of March, 1860, the sheriff of White county sold said lands, with other lands, and duly conveyed the same to Richard Sibbitt; said Sibbitt having before that time taken an assignment of said Chase judgment and decree to himself. Said Milam A. Kions was not made a party to said Chase foreclosure suit.

" On the 13th day of April, 1860, John Kions and wife conveyed the lands in dispute, by quitclaim deed, to said Richard Sibbitt; that on the 6th day of March, 1862, John Kions filed his complaint in the White Circuit Court against said Richard Sibbitt, alleging, among other things, that by virtue of said quitclaim deed and said sheriff's sale on the Chase foreclosure, and by virtue of an agreement between

said John Kions and said Sibbitt, said Sibbitt took and held the legal title to said lands, as well as certain other lands, in trust for John Kions.

"And thereupon such proceedings were had, that the venue of said cause was changed to the Tippecanoe Circuit Court. Thereafter said Sibbitt filed his answer and cross-complaint, and, the issues being joined, the cause was submitted for trial, and upon the final hearing the judge rendered the following judgment and decree:

"'It is therefore considered, adjudged and decreed by the court that, by the sheriff's sale made by the sheriff of White county, in the State of Indiana, on the 30th day of March, 1860, under the order of sale issued on a decree of foreclosure in favor of Hiram W. Chase against John Kions, in the White Circuit Court, as set forth in the complaint, and by deed of conveyance by said plaintiff and wife to said defendant, on the 13th day of April, 1860, which sale and deed of conveyance are hereby confirmed and adjudged valid and effectual, the said defendant became and was vested with the title in and to'—here the decree embraces a large body of lands, including the lands described in said complaint—'and the court further orders, adjudges and decrees that the following described lands'—then follow many tracts, including those described in the complaint—'are subject to said trust in favor of said plaintiff and found by the jury in their verdict above set forth; and the court orders, adjudges and decrees that the said plaintiff pay to said defendant the sum of seven thousand dollars, so found by the jury in said verdict, with the interest thereon from this date, on or before the 1st day of January, 1864, and upon such payment being made, that the title in fee in and to said lands so adjudged to be held in trust as aforesaid be vested in said plaintiff, freed and discharged from all claim, interest and estate of the said defendant in or to the same. And it is further ordered, adjudged and decreed that upon the payment of said sum of seven thousand dollars and interest thereon, said defendant shall execute to said plain-

tiff, or his assigns, a quitclaim deed for the lands so held in trust as aforesaid, and, on default thereof, this decree, upon such payment, shall operate as such conveyance, and a certified copy thereof, and of entry of satisfaction, may be recorded in the recorder's office of the said county of White as such conveyance.'

" The decree then recites that the parties came into open court and consented to the decree, and every part thereof, and waived and released all errors.

"After the rendition of the foregoing judgment and decree, an agreement was made between Spear, Case & Co. and Mrs. Kions and said Joseph Kions, the wife and son of John Kions, and with said John Kions, that Spear, Case & Co., who desired to purchase said lands, should purchase of said Sibbitt said judgment·and decree rendered in said case of *John Kions* v. *Richard Sibbitt*, and pay off the other judgment liens against said lands, and take the lands, said John Kions agreeing to convey said lands to them, said Spear, Case & Co.   Accordingly, they did purchase said Sibbitt decree, paying said Sibbitt the sum of —— dollars, and by the written request of said John Kions, said Sibbitt deeded said lands by quitclaim deed to said Spear, Case & Co. The acknowledgment of said Sibbitt of the payment of the money to him by said Spear, Case & Co. and the request of said Kions that said Sibbitt would convey said lands to said Spear, Case & Co. are in writing and entered on the order book of the Tippecanoe Circuit Court and immediately under and following said decree and judgment, and read in these words, viz. :

"'Received of James Spear, Reed Case and James P. Dugan, seven thousand three hundred and sixty-eight dollars and sixty-seven cents, in full of principal and interest of this decree; and I agree to make a quitclaim deed to them, pursuant to the below written request, for the lands in said decree set forth, which I was decreed to hold in trust.

"March 18th, 1863.              RICHARD SIBBITT.

"'By CHASE & WILSTACH, his att'ys.'

"'I request Richard Sibbitt to make a quitclaim deed for the lands held by him in trust for me, to James Spear, Reed Case and James P. Dugan.

"'.March 18th, 1863.                              JOHN KIONS.'

"The foregoing decree was rendered May 1st, 1862. There was never any written assignment of said decree and judgment by Richard Sibbitt to said Spear, Case & Co. On the 23d of March, 1863, pursuant to the request of said John Kions, said Richard Sibbitt quitclaimed said lands to Spear, Case & Co. On the 18th day of March, 1863, John Kions and wife conveyed said lands to Spear, Case & Co. by quitclaim. The deeds from Sibbitt to Spear, Case & Co. and from Kions and wife to them were duly recorded, and within the ninety days after their respective dates.

"On the 3d day of July, 1869, Spear, Case & Co. conveyed, by quitclaim deed, the land in dispute, to the defendant Joseph H. Kions, deed duly recorded August 17th, 1869. Richard Sibbitt had neither actual nor constructive notice of the deeds of Milam A. Kions, at the time he took his conveyance, in 1860.

"On the 23d day of March, 1863, said Spear, Case & Co. gave Mrs. Harriet Kions, wife of said John, a title-bond for the lands in dispute. Thereafter, Joseph H. Kions paid out the purchase-money reserved by said bond, and by an arrangement between him, his mother, said Harriet, and Spear, Case & Co., they, said Spear, Case & Co., conveyed by quitclaim said lands to defendant, Joseph H. Kions, the date of which deed, July. 3d, 1869, is hereinbefore found.

"At the time Dawkins purchased said lands and took the conveyance from Milam A. Kions, the defendant, Joseph H. Kions, was in the possession of the same under said title-bond and claiming title, which was known to said Dawkins. Neither Spear, Case & Co. nor Joseph H. Kions had any *actual* knowledge of the conveyance of John Kions to Milam A. Kions, though at the time each purchased, they each had constructive notice thereof.

"Joseph H. Kions paid the full value of the lands in dis-

pute, without any actual knowledge of the claim of Milam. Some time in 1859 or 1860, Milam A. Kions left the possession of said lands, and since then the possession has been in John Kions and his grantees. Some time in 1859 or 1860, Milam A. Kions verbally agreed with his father, John Kions, that if he, said John, would pay him, said Milam, for said lands, he would give up his title; but nothing was ever paid him, and he never reconveyed said lands nor gave up his title.

"When Dawkins purchased of Milam A. Kions, it was agreed between them that unless he could put said Dawkins in possession, that is, unless said Dawkins could recover possession by suit, he was to be relieved from the payment of the purchase-money.

"Said Spear, Case & Co. have never been repaid the money, nor any part thereof, which they paid Richard Sibbitt for said decree, by said John Kions nor by any one else.

"From the foregoing facts I find the following conclusions of law:

"1. That Spear, Case & Co. derived their title through Richard Sibbitt, and also John Kions.

"2. That the titles conveyed by John Kions and by the sheriff of White county, in 1860, to Richard Sibbitt, were good as against said Milam A. Kions, except such right as he may have to redeem.

"3. That the Sibbitt decree, purchased by Spear, Case & Co., is regarded in equity as in force for their protection and for the protection of their grantee.

"4. That the title of Joseph H. Kions is good and valid as against Milam A. Kions or the plaintiff, and that he should recover in this action.

"5. I therefore find for the defendant, on the facts and conclusions of law hereinbefore set forth.

"DAVID P. VINTON."

The fact does not appear in the special finding, but is admitted in the brief of counsel for appellant, that the mortgage on which the judgment of Chase was rendered was

prior in date and in lien to the deed from John to Milam A. Kions. It is apparent that the plaintiff, Dawkins, is a mere adventurer, having purchased under an agreement that he was not to pay if he could not recover the lands. While he occupies this position, he claims that when payment was made of the amount of the decree by Spear, Case & Co., the title to the lands vested in John Kions, who would be estopped to claim the same as against Milam A. Kions, to whom he had previously conveyed, and thus the title of Milam A. Kions and the plaintiff, his grantee, became valid and effective as against the defendant, Joseph H. Kions. We do not forget that there is such a law of estoppel as mentioned by counsel; but, in our judgment, it is not applicable here. It seems to us that Sibbitt must, under the facts found, be regarded as an innocent purchaser for value, and as entitled to the land in preference to Milam A. Kions or his grantee, the plaintiff. The deed from John Kions to Milam A. Kions was executed on the 30th day of September, 1856, but was not recorded until the 23d day of November, 1861. On the 30th day of March, 1860, the land was sold and conveyed by the sheriff to Sibbitt; and on the 13th day of April, 1860, John Kions also conveyed the land to Sibbitt. It is expressly found by the court that Sibbitt had neither actual nor constructive notice of the unrecorded deed to Milam A. Kions, at the time he took his conveyances, in 1860. Under these circumstances, the deed from John to Milam A. Kions is void as to Sibbitt and his grantees, by statute, 1 G. & H. 260, sec. 16, and it is not material whether the conveyance was in fact a deed creating a fee simple or only a mortgage. The same rule applies to either and both. Sibbitt having been a purchaser in good faith and for a valuable consideration, it matters not whether those claiming under and through him had notice of the deed of Milam A. Kions or not.

We think there is no reasonable ground on which to doubt the correctness of the third conclusion of law of the court. If the title acquired by Spear, Case & Co. is valid,

the right to resort to the decree for protection amounts to nothing. If their title should prove defective, we do not now perceive any reason why they may not be subrogated to the rights of Sibbitt under the decree.

In our judgment, the court below committed no error in its legal conclusions.

The judgment is affirmed, with costs.