Pierce v. Spear et al.

No. 10,913.

PIERCE v. SPEAR ET AL.

JUDGMENT.—*Lien.—Priorities.—Sheriff's Sale.— Deed.—Title.*—Lands were conveyed in good faith by A., but the purchaser neglected to have the deed recorded. Two judgments were afterwards rendered against A., and upon execution issued upon the junior judgment there was a sale of the land to a purchaser who had no notice of the conveyance, and in proper time a sheriff's deed was made to him, which was recorded. A like sale and deed were afterwards made under the senior judgment to a purchaser without notice.

*Held,* that the judgments were not liens upon the land. R. S. 1881, sections 608, 752.

*Held,* also, that the purchaser at the first sheriff's sale took title, and the purchaser at the second sale, though under the senior judgment, took nothing.

From the Scott Circuit Court.

*C. L. Jewett* and *H. E. Jewett,* for appellant.

*C. B. Harrod,* for appellees.

BLACK, C.—The appellant sued the appellees, James W. Spear, Zerelda C. Spear, Mary J. Phillips and Addison Phillips, husband of said Mary, to recover possession of certain real estate in Scott county.

It is assigned that the court erred in its conclusions of law in a special finding. The court concluded that the law was with the defendants on facts which, omitting some particulars for the sake of brevity, were in effect as follows:

The appellee James W. Spear, in the spring of the year 1876, being in possession of the land in question and claiming title thereto, conveyed it by deed, for a valuable consideration, to his daughters, the appellees Zerelda C. Spear and Mary J. Phillips. Said deed was duly executed and acknowledged by said James W. Spear, but it has never been recorded. Said grantor, who was unmarried when he made the deed, has remained in possession, and said Zerelda, who is unmarried, has always lived with her father. Said Mary was

then and she still is the wife of the appellee Addison Phillips, and was residing in the neighborhood.

In October, 1878, one Sarah E. Thompson obtained a judgment in the court below against said James W. Spear for $283.98, without relief from valuation or appraisement laws, and costs.   Under an execution issued on this judgment said land was duly sold by the sheriff as the property of said judgment defendant, in February, 1879, for $398.75 to said judgment plaintiff, to whom the sheriff gave a certificate of purchase, and to whom, in March, 1880, the sheriff executed his deed, which in the same month was recorded in the office of the recorder of said county.   In January, 1881, said Sarah E. Thompson and her husband conveyed said real estate by quitclaim deed to the appellees Zerelda and Mary, for a valuable consideration, and this deed was recorded in said recorder's office in October, 1881.

In August, 1877, one James A. Graves obtained a judgment in said court against said James W. Spear for $86.90, without relief, etc., and costs.

Under an execution issued on this judgment the sheriff, in September, 1881, duly sold said real estate as the property of the judgment defendant, on a levy made in August, 1881, to one James Graves (not the judgment plaintiff) for $141, and issued a certificate of sale to said purchaser.   In September, 1882, the sheriff executed his deed for said real estate to the appellant, to whom the purchaser, said James Graves, had assigned his certificate; and in the same month this deed was recorded in said recorder's office.

The appellant and said Mrs. Thompson took their said deeds without notice of the conveyance of said James W. Spear to his said daughters.

By section 608, R. S. 1881, it is provided, as it was by section 527, code of 1852, that "All final judgments in the Supreme and Circuit Courts for the recovery of money or costs shall be a lien upon real estate and chattels real, liable to execution in the county where the judgment is rendered, for

the space of ten years after the rendition thereof, and no longer, exclusive of the time during which the party may be restrained," as by said section specified.

By section 752, R. S. 1881, it is provided, as in section 526, code of 1852, that " The following real estate shall be liable to all judgments and attachments, and to be sold on execution against the debtor owning the same or for whose use the same is holden, viz. :

"*First.* All lands of the judgment debtor, whether in possession, remainder, or reversion.

"*Second.* Lands fraudulently conveyed with intent to delay or defraud creditors.

"*Third.* All rights of redeeming mortgaged lands; also, all lands held by virtue of any land-office certificate.

"*Fourth.* Lands, or any estate or interest therein, holden by any one in trust for or to the use of another.

"*Fifth.* All chattels real of the judgment debtor."

Section 2931, R. S. 1881, being section 16, p. 365, 1 R. S. 1876, provides that " Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated ; and every conveyance or lease, not so recorded in forty-five days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration."

And section 2926, R. S. 1881, being section 11, p. 364, 1 R. S. 1876, provides that " No conveyance of any real estate in fee simple or for life or of any future estate, and no lease for more than three years from the making thereof, shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act."

Not only is a purchaser of real estate on execution, other

than the execution plaintiff, who buys in good faith and without notice, protected as a *bona fide* purchaser for a valuable consideration against prior equities and unrecorded deeds, but in this State the doctrine prevails, though not without opposition, that the purchaser at such a sale is so protected, though he be the execution creditor. *Vitito* v. *Hamilton,* 86 Ind. 137, and cases there cited.

Before the rendition of either of the judgments in question, the real estate in dispute had been conveyed for value by the judgment defendant to his, daughters. It was not within the statute designating what real estate is liable to be sold on execution, and, therefore, it was not within the statute prescribing on what real estate a judgment may be a lien. But the conveyance of the father to the daughters not having been recorded, it was, under said section 2931, R. S. 1881, fraudulent and void as against a subsequent purchaser in good faith and for a valuable consideration. This statute did not render said conveyance of the father void as against any one other than a subsequent purchaser, lessee or mortgagee. So far as this statute alone applied, the conveyance of the father was valid not only against him, but also against his subsequent judgment creditors; but it was invalid as against either purchaser under execution. *Sparks* v. *Bank,* 7 Blackf. 469; *Orth* v. *Jennings,* 8 Blackf. 420.

Under said section 2926, the conveyance was invalid as against any person other than the grantee, his heirs, devisees and persons having notice, and said judgment creditors were none of these.

But neither of the judgments was a lien on said real estate, and, therefore, the older judgment, under which the appellant claims, had no superiority over the junior one, as to this real estate. When the land was sold under the senior judgment, it had been sold and conveyed by the sheriff to the other judgment creditor, whose deed had been recorded. As against this conveyance, the purchaser under the senior judgment took nothing.

The appellees Zerelda and Mary hold the title thus acquired by the junior judgment creditor. Therefore the plaintiff, who could only recover on the strength of his own title, did not establish a right to recover possession of any of the defendants. See *Norton* v. *Williams*, 9 Iowa, 528; *Bell* v. *Evans*, 10 Iowa, 353.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed March 12, 1884.