The Union Central Life Insurance Company *v.*
Dodds et al.

[No. 18,846.    Filed October 24, 1900.]

Deeds. — *Record.—Notice.—Quieting Title.—Pleading.*—A complaint
in an action to quiet title to real estate as against one claiming title
by sheriff's sale, alleging that the husband of plaintiff, having good
title to the land in controversy, conveyed it to plaintiff by deed be-
fore defendant recovered judgment against the husband, is insuffi-
cient, where it was not alleged that plaintiff had her deed recorded
within forty-five days, or before the levy and sale, or that defend-
ant had notice of plaintiff's title before it purchased the property.

From the Grant Circuit Court.    *Reversed.*

*A. E. Steele, J. A. Kersey* and *Maxwell & Ramsey,* for
appellant.

*W. H. Carroll* and *G. D. Dean,* for appellees.

Hadley, J.—Suit by appellee to set aside a sheriff's
sale and quiet title to real estate.    Demurrer to each para-
graph of complaint; sustained to first and second, and
overruled to third.

The material facts averred in the third paragraph of the
complaint are these:    Lucy C. Humphries by her will de-
vised to appellees, Mary L. and William B. Dodds, who
were then and still are husband and wife, the real estate
described in the complaint.    The words of the will are:
"I bequeath to my mother, Mary L. Dodds, and my step-
father, William B. Dodds, all property real and personal
which I shall own at my death, to have and to hold, share
and share alike, absolutely and in fee simple."    The will
was probated and entered of record in Grant county, wherein
the real estate is situate, May 1, 1895.    William B. became
indebted to his wife in the sum of $6,000 for money loaned,
and January 24, 1896, William conveyed to his wife, Mary
L., in payment of his indebtedness to her, all his interest in
said real estate; and since such conveyance she has been

the owner, and "she is *now* in and entitled to the possession thereof." March 24, 1896, the appellant recovered a judgment against William B. Dodds, and afterwards caused an execution to be issued upon said judgment, which, upon direction of the appellant, the sheriff levied upon and sold, July 31, 1897, to the appellant, the undivided one-half of said real estate, as the property of William B. Dodds. August 4, 1897, appellant "paid to the sheriff the amount of costs accrued in said action in which said judgment was obtained, and receipted to said sheriff for the balance of the amount of its said bid for said real estate, being the amount that was due it on said judgment" and did receive from the sheriff a certificate of purchase which it now holds. The certificate of purchase now held by appellant casts a cloud on Mary L. Dodds's title. Prayer that the certificate of purchase be canceled and her title quieted.

Appellant's demurrer to these facts was overruled, and it insists that they are insufficient to entitle the appellee, Mary L. Dodds, to the relief prayed, because there is neither an averment that she had caused the deed from her husband to be recorded, nor an averment that appellant had notice or knowledge of the conveyance to her before it perfected the purchase of the land, nor an averment that appellee was in possession under the deed when the land was levied upon and sold.

It is a fundamental principle of pleading that a plaintiff must show affirmatively by his complaint that he is entitled to some relief. Appellee's complaint in substance shows that her husband, having a good record title through the will of Mrs. Humphries to an undivided one-half of the real estate, conveyed it to her by deed before appellant recovered judgment against her husband. For failure to aver the contrary we must presume that she kept her deed from the public record, and that she failed to give notice of her title to appellant before he purchased the property at sheriff's sale eighteen months after the conveyance to her. She alleges

Union Central Ins. Co. *v.* Dodds.

that she "was in and entitled to the possession" at the time this suit was commenced, from which we must also presume that she was not in possession at the time the lands were levied upon and sold to appellant. This means that by the public records announcing that the husband's title was good, and with nothing known or in appearances to discredit it, the appellee stood by and, without disclosing her claim to the lands, suffered the appellant, innocently believing, as he had a right to believe, that her husband was the owner, to bid upon and purchase the property at an execution sale and to pay the accrued and current costs of sale and acknowledge satisfaction of the judgment against her husband.

Our statutes relating to registration read as follows: Section 3345 Burns 1894. "No conveyance of any real estate in fee-simple or for life or of any future estate, and no lease for more than three years from the making thereof, shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act."

Section 3350 Burns 1894. "Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance or lease not so recorded in forty-five days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration."

So far as we have observed it has been uniformly held in this State for fifty years, under similar registry statutes, that a purchaser, without notice, at an execution sale has the same defense against unrecorded deeds as a purchaser from the execution defendant. *Orth* v. *Jennings*, 8 Blackf. 420, 426; *Hosier* v. *Hall*, 2 Ind. 556, 54 Am. Dec. 460; *Brose* v. *Doe*, 2 Ind. 666; *Dawkins* v. *Kions*, 53 Ind. 164, 171; *Pierce* v. *Spear*, 94 Ind. 127; *Sills* v. *Lawson*, 133 Ind. 137, 140.

The fact that appellant is a judgment creditor purchaser makes no difference. Such a purchaser under a valid judgment and sale is no less entitled than a stranger to protection against unrecorded titles and secret claims; and upon the same terms. See *Pugh* v. *Highley,* 152 Ind. 252, 71 Am. St. 327, 44 L. R. A. 392, and authorities there cited.

The complaint does not show affirmatively either that appellee had caused her deed to be recorded in the recorder's office of the county within forty-five days or before the levy and sale, or notice to appellant, either actual or constructive (as by possession under the deed), before it purchased the property, and the complaint is therefore insufficient. See *Citizens Bank* v. *Julian,* 153 Ind. 655, 675. Appellant's demurrer should have been sustained.

Judgment reversed and cause remanded, with instructions to sustain the demurrer to the third paragraph of complaint.