Dodds *v.* Winslow.

## DODDS ET AL. *v.* WINSLOW.

[No. 3,784.   Filed May 16, 1901.]

WILLS.—*Husband and Wife.—Tenancy in Common.—Entireties.*—A devise to husband and wife share and share alike, and if either should not survive testatrix the survivor to take the entire estate, does not create an estate by entireties, but confers the property upon the devisees as tenants in common.  *pp. 653-655.*

QUIETING TITLE.—*Execution Sales.— Unrecorded Deed.— Notice.*—A complaint to quiet title to real estate as against a purchaser at execution sale alleging that the land was devised to plaintiff and her husband, and the interest of the husband quitclaimed to plaintiff, is bad on demurrer under §§3345, 3350 Burns 1894, where it is not shown that the deed was recorded, or that at the time of the purchase defendant had any notice, actual or constructive, of the conveyance from the judgment debtor to his wife.  *pp. 655-657.*

From the Grant Superior Court.  *Affirmed.*

*W. H. Carroll* and *G. D. Dean,* for appellants.
*A. E. Steele* and *J. A. Kersey,* for appellee.

BLACK, J.—The court below sustained the appellee's demurrer for want of sufficient facts to each of the first and second paragraphs of the complaint of the appellants, Mary L. Dodds and William B. Dodds, filed on the 12th of November, 1897.  The trial of an issue formed by a denial of the third paragraph of the complaint resulted in favor of the appellee.  It is contended that the court erred in sustaining the demurrer to the second paragraph of the complaint. In that paragraph it was stated that on the 1st of March, 1895, Lucy C. Humphries, then the owner in fee simple of certain described land, thirty acres, in Grant county, Indiana, executed her last will and testament, whereby she devised all said real estate to the appellants; that the testatrix

continued to be the owner of the land during the remainder of her life; that on the 24th of May, 1895, after the death of the testatrix, the will, by order of the Grant Circuit Court, was duly probated and entered of record in the proper offices of that county; that the devise above mentioned was as follows: "Item 1.  I give, devise, and bequeath to my beloved mother, Mary L. Dodds, and my stepfather, William B. Dodds, all property, real and personal, which I shall own at the time of my death, to have and to hold, share and share alike, absolutely and in fee simple.  Item 2.  If either my said mother or stepfather should not survive me, then the survivor to take my entire estate in fee simple."  It was further alleged, that from the time of the execution of the will to the commencement of this action the appellants had been husband and wife to each other; that the testatrix was the only child of the appellant Mary L. Dodds, who after the death of the testatrix was her only heir at law surviving her; that upon the death of the testatrix and the probating of her will, and at all times thereafter, the appellant William B. Dodds refused to accept the will as to himself or any devise or benefits under it to him, and refused to accept any property devised to him thereby, and never accepted said real estate so devised to him, and immediately upon the death of the testatrix, he informed and notified the appellant Mary L. Dodds that he did not and would not accept any of said real estate so devised to him and informed her that he would make a quitclaim deed and release to her any or all of said real estate; that afterward on the 24th of January, 1896, he did quitclaim and release to her all of said real estate, and she at the time accepted said quitclaim and release of the real estate to her; that he never had any interest in the real estate except as herein set out, and that it "is now the property of said Mary L. Dodds and that she is now in and entitled to the possession of it."  It was also alleged, that on the 24th of March, 1896, the Union Central Life Insurance Company obtained in the Grant Circuit Court a

judgment against the appellant William B. Dodds, "for the sum of $— and costs," and afterward that company caused an execution to be issued upon said judgment to the sheriff of that county, directing him to levy upon and execute the property of the appellant William B. Dodds for the payment of that judgment; that the sheriff, under and by virtue of the execution, by direction of said company, levied upon the undivided one-half of said real estate and sold the same on the 31st of July, 1897, as the property of said William, "at and for the sum of $——," to the appellee, Winslow, who, on the 4th of August, 1897, paid the sheriff the amount of his bid, and received from the sheriff a certificate of purchase for the real estate so purchased by the appellee, "which he now holds"; and "said Mary L. Dodds and said William B. Dodds say" that said sale was wrongful, and that said certificate of purchase is without any right and is adverse to the title of said Mary L. Dodds in and to said real estate and casts a cloud upon her title thereto. Prayer, that her title be quieted and the certificate be declared canceled.

While the rule of the common law, that a conveyance or devise to husband and wife without words limiting the estate taken creates an estate by entireties is recognized as an exception in our statutes and enforced in this State, yet, as at common law, it is also held that a husband and wife may take real estate as joint tenants or as tenants in common, if the instrument creating the title use apt words for the purpose. *Carver* v. *Smith,* 90 Ind. 222, 46 Am. Rep. 210; *Edwards* v. *Beall,* 75 Ind. 401; *Hadlock* v. *Gray,* 104 Ind. 596; *Brown* v. *Brown,* 133 Ind. 476; *Thornburg* v. *Wiggins,* 135 Ind. 178, 22 L. R. A. 42, 41 Am. St. 422; *Wilkins* v. *Young,* 144 Ind. 1, 55 Am. St. 162; *Simons* v. *Bollinger,* 154 Ind. 83.

In the devise, the terms of which are set forth in the complaint, the purpose is manifest not to create an estate by entireties, but to confer the property upon the devisees share and share alike; that is, as tenants in common. There

was no opportunity for the mother of the testatrix to make an election, and she did not receive under the will the same estate she would have taken as heir of her daughter had she died intestate. She received the undivided one-half of the real estate in question as a gift by will. There was no partial intestacy. The husband expressed to his wife his purpose not to take the property devised to·him, but to transfer it to her without any valuable consideration by quitclaim, which he afterward did, whereby she received his undivided one-half as a gift by deed of conveyance.

Every conveyance of lands not recorded in the recorder's office of the county where the lands are situated in forty-five days from the execution thereof is fraudulent and void as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration. §3350 Burns 1894, §2931 Horner 1897.

No conveyance of any real estate in fee simple is valid and effectual against any person other than the grantor, his heirs and devisees, and person having notice thereof, unless it is made by a deed recorded within the time and in the manner provided by statute. §3345 Burns 1894, §2926 Horner 1897.

These provisions of the statute relating to the recording of deeds of conveyance, etc., of real estate do not render the unrecorded instrument absolutely void; "persons having notice thereof" are among those as to whom, in order to render the conveyance, etc., valid and effectual, the recording thereof is not required by the statute in one of the sections, while the other section renders the failure to record fraudulent and void "as against any subsequent purchaser, lessee, or mortgagee in good faith, and for a valuable consideration."

These statutory provisions, in effect, provide that such an unrecorded deed shall be valid as against all persons having notice of it, and shall be void as to any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration.

In *Runyan* v. *McClellan,* 24 Ind. 165, 169, it was said that the deed can only be held void as to a person who, without notice, in good faith and for a valuable consideration, has acquired a legal interest in the land.

Purchasers at judicial sales have the same rights as against unrecorded deeds as other purchasers. *Doe* v. *Hall,* 2 Ind. 556, 54 Am. Dec. 460; *Dawkins* v. *Kions,* 53 Ind. 164; *Pierce* v. *Spear,* 94 Ind. 127; *Runyan* v. *McClellan, supra.*

A purchaser of real estate on execution such as the appellee, who buys in good faith and without notice, is protected as a *bona fide* purchaser for a valuable consideration against prior equities and unrecorded deeds. *Pierce* v. *Spear, supra; Shirk* v. *Thomas,* 121 Ind. 147, 16 Am. St. 381; *Boos* v. *Morgan,* 130 Ind. 305, 30 Am. St. 237; *Pugh* v. *Highley,* 152 Ind. 252, 71 Am. St. 327.

A complaint to quiet title will be insufficient on demurrer if the facts stated therein fail to show title in the plaintiff. *Chapman* v. *Jones,* 149 Ind. 434, and cases cited. The plaintiff must recover on the strength of his own title. §§1069, 1083 Burns 1894, §§1057, 1071 Horner 1897; *Johnson* v. *Pontious,* 118 Ind. 270.

Here the plaintiff, instead of asserting title generally, sets forth the facts upon which her claim of title is predicated. She undertakes by the allegation of facts to show her own title, and seeks to quiet it as against the interest of the defendant under his sheriff's certificate of sale, which is a statutory lien only, until, after the expiration of the year for redemption, he shall have received a deed from the sheriff investing him with title to the land. *Jewett* v. *Tomlinson,* 137 Ind. 326; *Hill* v. *Swihart,* 148 Ind. 319; *Shirk* v. *Thomas,* 121 Ind. 147, 16 Am. St. 381. Having thus undertaken to show the grounds upon which she bases her asserted title and claims such relief against the defendant, the complaint can not be regarded as sufficient unless the facts stated in themselves establish her title. *Kennedy* v. *Hudkins,* 140 Ind. 570; *McPheeters* v. *Wright,* 110 Ind. 519.

The judgment under which the real estate was sold did not constitute a lien upon the land, which at the time of the rendition of the judgment had been conveyed by the judgment defendant. *Runyan* v. *McClellan,* 24 Ind. 165; *Pierce* v. *Spear,* 94 Ind. 127; *Orth* v. *Jennings,* 8 Blackf. 420. But the complaint shows that the appellee, who was not the judgment plaintiff, had changed his situation, had paid the purchase-money for the real estate to the sheriff, under his sale upon the judgment, and had received the sheriff's certificate of sale, upon which he would be entitled to receive the sheriff's deed unless the land were redeemed; and as against the suit of the judgment defendant's grantee, the appellee, unless he had notice actual or constructive of the prior deed, was entitled to protection as a *bona fide* purchaser for a valuable consideration. See *Union Central Ins. Co.* v. *Dodds,* 155 Ind. 365.

In *Alexander* v. *Herbert,* 60 Ind. 184, the plaintiff sued for partition as widow of a deceased grantee whose deed was not recorded, but was surrendered by him to his grantor, who conveyed the land to another through whom the defendant derived title. The complaint was held insufficient for failure to show that the defendant was a purchaser with notice.

It is not stated in the complaint before us that the deed from the husband to the wife has ever been recorded. It is shown by the paragraph under examination that the appellant Mary was in possession at the commencement of this suit, but it does not appear from the pleading when she took possession, or how long she had been in possession. While it is shown that the appellee is a purchaser for a valuable consideration, it is not shown that he is not a purchaser in good faith, or that he at the time of his purchase had any knowledge or notice actual or constructive of the conveyance from the judgment debtor to his wife. We think there was no error in sustaining the demurrer.

The third paragraph of complaint proceeded upon the theory that the husband quitclaimed his interest in the land to the wife in payment of his preëxisting indebtedness to her, and that at the time of the appellee's purchase at sheriff's sale he knew and had notice that the land was the property of the appellant Mary and that it was being sold on an execution under a judgment against her husband.

Under the assignment that the court erred in overruling the motion of the appellants for a new trial, it is contended that the evidence was insufficient to sustain the decision of the court; but we can not disturb the result reached by the trial court without improperly invading its province.

Judgment affirmed.