Stuart **FINUCANE**, Appellant–
Intervenor,

v.

**UNION PLANTERS BANK, N.A.**,
Appellee–Plaintiff.

No. 29A02–9912–CV–856.

Court of Appeals of Indiana.

June 29, 2000.

Jordan D. Church, Church, Church, Hittle & Andrim, Noblesville, IN, Attorney for Appellant.

James P. Moloy, Dann Pecar Newman & Kleiman, Indianapolis, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Hamilton Proper North, LLC purchased certain real estate from Gary Secrest. The same real estate was subsequently sold at a sheriff's sale to Stuart Finucane to satisfy a judgment and decree of foreclosure in favor of Union Planters Bank, N.A. (the "Bank") and against Secrest. Finucane now appeals, challenging the trial court's judgment vacating the sheriff's sale and setting aside the sheriff's deed.

We affirm.

### ISSUES

Finucane presents the following issues for our review, which we restate as:

(1) Whether the trial court erred when it vacated the sheriff's sale and set aside the sheriff's deed.

(2) Whether the trial court erred when it disregarded matters deemed admitted by the Bank under Indiana Trial Rule 36.

### FACTS AND PROCEDURAL HISTORY

On June 15, 1998, the Bank filed a complaint against Secrest and others to foreclose a mortgage on real estate owned by Secrest in Hamilton County. The trial court entered a personal money judgment against Secrest and in favor of the Bank and a decree foreclosing the Bank's mortgage and directing the Sheriff of Hamilton County to sell the property to satisfy the judgment. The sheriff's sale was scheduled to occur on March 25, 1999.

On March 22, 1999, Secrest sold the real estate to Hamilton Proper North for $150,000.00. The amount of $83,877.49 was escrowed from the closing to satisfy the Bank's foreclosure judgment, and the Bank received proceeds sufficient to pay the judgment on March 24, 1999. Neither counsel for the Bank nor the Hamilton County Sheriff received notice that the judgment had been satisfied until after the sheriff's sale had taken place.

At the sheriff's sale on March 25, 1999, the real estate was sold to Finucane, a realtor, for $91,000.00. A sheriff's deed was issued to Finucane on March 26, 1999 and recorded on March 30, 1999. The

warranty deed from Secrest to Hamilton Proper North dated March 22, 1999, however, was not recorded until March 31, 1999.

Thereafter, the Bank filed a motion to vacate the sheriff's sale and set aside the sheriff's deed. Its motion alleged that Secrest had "paid the loan balance in full on March 24, 1999, therefore rendering this foreclosure action moot." Record at 71. Finucane filed a motion to intervene objecting to the Bank's motion to vacate the sheriff's sale and set aside the sheriff's deed. Following an evidentiary hearing, the trial court entered findings of fact and conclusions thereon sua sponte, vacating the sheriff's sale and directing the Clerk of Hamilton County to refund the proceeds tendered by Finucane. Finucane now appeals.

## DISCUSSION AND DECISION

### Issue One: Sheriff's Sale

Finucane contends that the trial court erred when it vacated the sheriff's sale and set aside the sheriff's deed. In particular, he claims to be an "innocent bona fide purchaser" and urges that his deed, which was recorded first, should be given priority over Hamilton Proper North's warranty deed because "one who is first in time is first in right." Brief of Appellant at 8, 10.

■ Where, as here, a trial court enters findings sua sponte, those findings control only as to the issues they cover, and a general judgment will control as to the issues upon which there are no findings. *See Pitman v. Pitman,* 721 N.E.2d 260, 264 (Ind.Ct.App.1999), *trans. denied.* A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence. *Id.*

■ This court has acknowledged the soundness of the doctrine of bona fide purchaser, but has also recognized that " [t]he doctrine . . . is purely an equitable one, and should not be extended farther than equitable principles warrant.' " *INB Trust No. 337 v. Veljanoski,* 593 N.E.2d 1263, 1265 (Ind.Ct.App.1992) (citations omitted), *trans. denied.* The vacation of a sheriff's sale is committed to the sound discretion of the trial court and not to be disturbed absent a showing of an abuse of that discretion. *Id.* The law allows a trial court to take a "common-sense approach" in deciding whether or not to vacate a sheriff's sale. *Smith v. Federal Land Bank of Louisville,* 472 N.E.2d 1298, 1303 (Ind.Ct.App.1985). As we recognized in *Smith,* "The court takes into consideration all circumstances, such as the inadequacy of the price, the effect of procedural irregularities, inequitable conduct, *evidence of mistake or misapprehension,* and problems with title." *Id.* (emphasis added).

■ Here, the Bank received funds sufficient to satisfy its foreclosure judgment against Secrest one day before the sheriff's sale. Due to an apparent miscommunication, however, the Hamilton County Sheriff was not notified that the judgment had been paid. It is well settled that " 'the mortgage is a mere security for the debt' [and that] there must be some obligation for the [mortgage] lien to secure. When that obligation is discharged the mortgage becomes *functus officio* and legally dead." *Egbert v. Egbert,* 235 Ind. 405, 421, 132 N.E.2d 910, 918 (1956) (citations omitted). Likewise, the only purpose for the sheriff's sale was to satisfy the Bank's money judgment against Secrest. When Secrest sold the real estate and satisfied the judgment, his obligation on the mortgage was extinguished and the legal justification for the sheriff's sale ceased to exist.

■ Nevertheless, Finucane contends there was no evidence that the judgment had, in fact, been satisfied. He further contends that the judgment had not actually been released on the judgment docket of the Hamilton County Clerk before the sheriff's sale. These contentions do not affect the outcome. We agree with the Bank that the judgment was paid, satisfied and extinguished by operation of law when the Bank received payment in full on

March 24, 1999. Release of the judgment on the judgment docket is necessary to clear the record title of the judgment lien, but it is the payment itself that satisfies the judgment and obviates the need for a sheriff's sale.

■ Following principles of common sense and taking into consideration evidence of the miscommunication that occurred to allow the sheriff's sale to proceed, the trial court was well within its discretion to vacate the sale and set aside the sheriff's deed. *See Veljanoski,* 593 N.E.2d at 1266 (upholding trial court's decision to vacate sheriff's sale where mortgagor relied on representations of court clerk and paid an amount less than actual judgment, believing judgment to be satisfied in full); *Newhouse v. Farmers Nat'l Bank of Shelbyville,* 532 N.E.2d 26, 28 (Ind.Ct.App.1989) (recognizing that "common sense approach to the question of whether to set aside a sheriff's sale might provide relief for mistake" that occurred when counsel for bank was late to sheriff's sale and unable to tender bank's bid). Clearly, courts of equity may grant relief against " 'mere mistakes, accidents, or hardships[.]' " *Smith,* 472 N.E.2d at 1302 (citations omitted). As such, we find no error.

### Issue Two: Request for Admissions

■ Finucane next argues that the trial court erred when it disregarded matters deemed admitted by the Bank under Indiana Trial Rule 36. The record reflects that although the Bank's responses to Finucane's request for admissions [1] were due pursuant to court order on August 2, 1999, the Bank did not file its responses until August 23, 1999.[2] As we summarized in *Corby v. Swank,* 670 N.E.2d 1322, 1324 (Ind.Ct.App.1996):

> "Under Trial Rule 36, the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and *conclusively established by operation of law.*" Once such an admission is obtained, "the need to prove the fact at trial is eliminated." As Professor Harvey has aptly noted, "[n]either the trial court nor the jury can disregard the admission under Rule 36."

(Emphasis added, citations omitted). Thus, the trial court erred when it failed to deem the matters identified in Finucane's request for admissions as "conclusively established."[3] *See id.* at 1325.

■ Regardless, when a trial court excludes evidence that ought to have been admitted, reversal is not warranted unless the "substantial rights of the parties" have been affected. *See* Ind.Trial Rule 61; *Posey County v. Chamness,* 438 N.E.2d 1041, 1048 (Ind.Ct.App.1982). Here, even as-

1. Finucane's request for admissions addresses matters involving the Hamilton County Sheriff's and Clerk's lack of notice that the sheriff's sale should be halted, the validity of the sheriff's sale and sheriff's deed, the date on which the sheriff's deed was recorded, and Finucane's status as a bona fide purchaser.

2. Over Finucane's objection, the trial court granted the Bank's motion for leave to respond to Finucane's request for admissions filed on August 19, 1999, approximately two weeks after the Bank's responses were due.

3. The Bank counters that its motion for leave to respond to Finucane's request for admissions should be construed as a motion to withdraw or amend the admissions pursuant to Indiana Trial Rule 36(B). Even so, "[t]he party seeking withdrawal has the burden of demonstrating that the presentation of the merits will be subserved by withdrawal; [and] the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal." *Corby,* 670 N.E.2d at 1326. When a trial court makes a finding that both conditions have been satisfied, it may, in its discretion, permit withdrawal. *Id.* at 1326–27. Here, however, neither party made the respective showings required by Trial Rule 36(B), and the trial court granted the Bank's motion only on the grounds that Finucane's request for admissions was not in the proper format and that the Bank's belated response "will not prejudice any party." Record at 114.

suming that the matters in Finucane's request for admissions had been deemed admitted and considered by the trial court as conclusively established, the court was still within its equitable powers to vacate the sheriff's sale in light of the miscommunication which allowed that sale to proceed despite prior satisfaction of the underlying judgment.

Affirmed.

RILEY, J., and MATHIAS, J., concur.