**INDI INVESTMENTS, LLC.,**
Appellant–Plaintiff,

v.

**CREDIT UNION 1 f/k/a Jet Credit Union, Appellee–Defendant.**

No. 49A02–0709–CV–782.

Court of Appeals of Indiana.

April 22, 2008.

Rehearing Denied July 7, 2008.

Russell L. Jones, Heather Wysong Zaiger, Cohen Garelick & Glazier, Indianapolis, IN, Attorneys for Appellant.

Richard B. Gonon, Indianapolis, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

Indi Investments, LLC ("Indi Investments"), appeals the trial court's denial of its motion to set aside a sheriff's sale. Indi Investments raises two issues, which we consolidate and restate as whether the trial court abused its discretion by denying Indi Investments's motion to set aside the sheriff's sale. We affirm.

The relevant facts follow. In November 2005, Credit Union 1, f/k/a Jet Credit Union ("Credit Union"), filed an action to foreclose its second mortgage on real estate owed by Sung K. Kim and located at 11019 Cherry Lake Place, Indianapolis,

Indiana. Waterfield Mortgage ("Waterfield") held a first mortgage on Kim's property and was a party to the foreclosure action. In April 2006, the trial court entered an agreed and default judgment and decree of foreclosure ("Judgment"). The Judgment foreclosed the Credit Union's mortgage and ordered that the property be sold by sheriff's sale subject to Waterfield's first mortgage.

A Notice of Sheriff's Sale, which did not mention the Waterfield mortgage, was published, and Indi Investments purchased the property at the sheriff's sale on July 19, 2006, for $40,500.00. On August 1, 2006, Indi Investments received a sheriff's deed, which provided that the property was subject to the first mortgage rights of Waterfield. Indi Investments recorded the sheriff's deed on August 18, 2006.

On June 15, 2007, Indi Investments filed a petition to set aside the sheriff's sale. Indi Investments alleged that it was unaware of the Waterfield mortgage until it received notice from Waterfield sometime after August 18, 2006. Despite the language in the sheriff's deed regarding the Waterfield mortgage, Indi Investments claimed that it "was not immediately aware of the content of the Sheriff's Deed or the legal impact of the statement." Appellant's Appendix at 13. Indi Investments claimed that Citimortgage, the successor and assignee of Waterfield, had filed a foreclosure action regarding the mortgage. After a hearing, the trial court denied Indi Investments's motion to set aside the sheriff's sale.

■■■ The issue on appeal is whether the trial court abused its discretion by denying Indi Investments's motion to set aside a sheriff's sale. "The vacation of a sheriff's sale is committed to the sound discretion of the trial court and not to be disturbed absent a showing of an abuse of that discretion." *Finucane v. Union Planters Bank, N.A.*, 732 N.E.2d 175, 177 (Ind.Ct.App.2000). "The law allows a trial court to take a 'commonsense approach' in deciding whether or not to vacate a sheriff's sale." *Id.* The court takes into consideration all circumstances, such as the inadequacy of the price, the effect of procedural irregularities, inequitable conduct, evidence of mistake or misapprehension, and problems with title. *Id.*

■■■ Here, Indi Investments argues that the trial court should have vacated the sheriff's sale because it was unaware that the sale was subject to the Waterfield mortgage. Indi Investments argues that Credit Union should have disclosed in the notice of sale that the property was being sold subject to the Waterfield mortgage.[1]

■■■ Ind.Code § 32–29–7–3 governs the notice of sale and provides, in part:

(d) Before selling mortgaged property, the sheriff must advertise the sale by publication once each week for three (3) successive weeks in a daily or weekly newspaper of general circulation. The sheriff shall publish the advertisement in at least one (1) newspaper published and circulated in each county where the real estate is situated. The first publication shall be made at least thirty (30)

---

1. Indi Investments also seems to argue that Credit Union (or some other party) should have disclosed during the sheriff's sale that the property was being sold subject to the Waterfield mortgage. Indi Investments fails to develop a cogent argument on this point and fails to cite any authority. "A party gen-erally waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority and portions of the record." *Carter v. Indianapolis Power & Light Co.*, 837 N.E.2d 509, 514 (Ind.Ct.App. 2005), *reh'g denied, trans. denied.* Consequently, this issue is waived.

days before the date of sale. At the time of placing the first advertisement by publication, the sheriff shall also serve a copy of the written or printed notice of sale upon each owner of the real estate. Service of the written notice shall be made as provided in the Indiana Rules of Trial Procedure governing service of process upon a person. . . .

(e) The sheriff also shall post written or printed notices of the sale in at least three (3) public places in each township in which the real estate is situated and at the door of the courthouse of each county in which the real estate is located.

(f) If the sheriff is unable to procure the publication of a notice within the county, the sheriff may dispense with publication. The sheriff shall state that the sheriff was not able to procure the publication and explain the reason why publication was not possible.

(g) Notices under subsections (d) and (e) must contain a statement, for informational purposes only, of the location of each property by street address, if any, or other common description of the property other than legal description. A misstatement in the informational statement under this subsection does not invalidate an otherwise valid sale.

Ind.Code § 32–29–7–3 does not require the notice of sale to contain information regarding such senior mortgages.[2] Rather, the statute requires only that the address of the property be included "for informational purposes only." Ind.Code § 32–29–7–3(g).

■ Indi Investments also argues that the Judgment "mandate[d] that the information related to Waterfield's mortgage was necessarily to be included in the Notice of Sheriff's Sale." Appellant's Brief at 11. The Judgment provided:

(d) That as soon as a Sale of Foreclosure may be had under the laws of the State of Indiana, applicable to such sales, and upon receipt of a copy of the Judgment and Order of Sale certified by the Clerk, under the seal of the Court, and issued to him by said Clerk, the Sheriff of Marion County, Indiana, shall proceed to sell the whole of the mortgaged property without relief from valuation and appraisement laws, with out any right of redemption, HOWEVER, SUBJECT TO THE FIRST MORTGAGE SUPERIOR LIEN RIGHTS OF WATERFIELD.

(e) That from the date of the sale of foreclosure, the equity of redemption in the claims of IDR or of all persons claiming from, under or through it in on and to said property are hereby forever barred and foreclosed, except that the prior recorded mortgage lien of Waterfield shall not be foreclosed and the sheriff sale shall be subject to Waterfield's mortgage lien.

Appellant's Appendix at 9. The Judgment required that the property be sold subject to the Waterfield mortgage, but the Judgment did not require that the notice of sale mention the Waterfield mortgage. We conclude that the notice of sale was not required to contain a notation that the

<hr/>

**2.** Indi Investments cites the notice provisions of Ind.Code § 34–55–6–9. The provisions of Ind.Code § 34–55–6–9 relate to the sale of real estate on execution. The provisions of Ind.Code § 32–29–7–3 govern the notice of sale in a proceeding for the foreclosure of a mortgage.

property was being sold subject to the Waterfield mortgage.

 Finally, Indi Investments also seems to argue that the sheriff's sale should be set aside simply because it was unaware of the Waterfield mortgage. "Generally speaking, there is no warranty in judicial sales in Indiana." *First State Bank of Dunkirk v. Cunningham,* 103 Ind. App. 310, 317–318, 7 N.E.2d 537, 541 (1937). Generally, "the doctrine of caveat emptor applies with all its force to sales made by virtue of an execution." *Id.* at 317, 7 N.E.2d at 541. However, Ind.Code § 32–29–8–3 provides:

> A person who purchases a mortgaged premises or any part of a mortgaged premises under the court's judgment or decree at a judicial sale or who claims title to the mortgaged premises under the judgment or decree, *buying without actual notice of an assignment that is not of record* or of the transfer of a note, the holder of which is not a party to the action, holds the premises free and discharged of the lien. However, any assignee or transferee may redeem the premises, like any other creditor, during the period of one (1) year after the sale.

(emphasis added). Indiana courts have held that "[a] purchaser of real estate on execution ... who buys in good faith and without notice, is protected, as a *bona fide* purchaser for a valuable consideration, against prior equities and unrecorded deeds." *Dodds v. Winslow,* 26 Ind.App. 652, 656, 60 N.E. 458, 459 (1901); *see also* 13 I.L.E. *Execution* § 60 (2001) (discussing bona fide purchasers of property at execution sales); 55 AM.JUR.2D *Mortgages* § 793 (1996); Annotation, *Doctrine of Caveat Emptor as Applied to Purchaser at*

*Judicial or Executor's Sale,* 68 A.L.R. 659 (1930 & Supp.).

 A bona fide purchaser is one who has given value and "acted in good faith without actual or constructive notice." *Geller v. Meek,* 496 N.E.2d 103, 109 (Ind. Ct.App.1986). Constructive notice is provided when a deed or mortgage is properly acknowledged and placed on the record as required by statute. *Keybank Nat. Ass'n v. NBD Bank,* 699 N.E.2d 322, 327 (Ind. Ct.App.1998). However, an otherwise valid instrument which is not entitled to be recorded, improperly recorded, or recorded out of the chain of title does not operate as constructive notice, although binding upon persons having actual notice. *Id.* Notice is actual when notice has been directly and personally given to the person to be notified. *Id.* Additionally, actual notice may be implied or inferred from the fact that the person charged had means of obtaining knowledge which he did not use. *Id.* Whatever fairly puts a reasonable, prudent person on inquiry is sufficient notice to cause that person to be charged with actual notice, where the means of knowledge are at hand and he omits to make the inquiry from which he would have ascertained the existence of a deed or mortgage. *Id.*

Here, Indi Investments had the means of obtaining information regarding the Waterfield mortgage. Indi Investments could have performed a title search or simply reviewed the trial court's file and the Judgment to discover that the property was being sold subject to the Waterfield mortgage. However, Indi Investments failed to do so. Indi Investments is charged with actual notice of the Waterfield mortgage and, consequently, is not a bona fide purchaser.[3] *See, e.g., Vonderahe*

---

**3.** Indi Investments argues that the sheriff's sale should be set aside based upon *Centex Home Equity Corp. v. Robinson,* 776 N.E.2d

935 (Ind.Ct.App.2002), *trans. denied.* However, *Centex Home* is distinguishable. There, the trial court set aside the sheriff's sale, not

*v. Ortman,* 128 Ind.App. 381, 389–390, 146 N.E.2d 822, 826 (1958) (holding that the purchaser of property from an estate's executor had a duty "to search the records as to the source of their title and determine therefrom the rights, duties and limitations of the executor" and the principle of caveat emptor applies "in sales by executors and administrators"). We conclude that the trial court did not abuse its discretion by denying Indi Investments's motion to set aside the sheriff's sale. *See, e.g., Household Finance v. Ness,* 810 N.E.2d 1146, 1150 (Ind.Ct.App.2004) (holding that the trial court did not abuse its discretion by denying the second mortgage holder's motion to set aside the sheriff's sale).

For the foregoing reasons, we affirm the trial court's denial of Indi Investments's motion to set aside the sheriff's sale.

Affirmed.

BARNES, J. and VAIDIK, J. concur.

because the purchaser was unaware of a first mortgage on the property, but because two separate foreclosure actions were pending regarding the same property. 776 N.E.2d at 945–946. On appeal, we agreed that the trial court properly set aside the sheriff's sale be-

cause "Centex's simultaneous pursuit of what amounted to the same case that FT Mortgage had already filed in another court was sufficiently irregular to warrant the exercise of the trial court's equitable discretion to set aside the sheriff's sale." *Id.* at 946.