Lorenzo **SURRISI**, Individually and d/b/a City Tavern and Joette Surrisi, Individually and d/b/a City Tavern, Appellants–Defendants,

v.

James D. **BREMNER**, Appellee–Plaintiff.

No. 50A04–1102–MF–83.

Court of Appeals of Indiana.

Oct. 31, 2011.

Sean M. Surrisi, Anderson, Agostino & Keller, P.C., South Bend, IN, Attorney for Appellants.

Karl L. Mulvaney, Whitney L. Mosby, Bingham McHale, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Lorenzo and Joette Surrisi, individually and as owners of City Tavern, appeal the trial court's "Order on Effect of Sheriff's Sale," which stated that the Surrisis' real and personal business property were sold at a sheriff's sale to James Bremner, as co-owner of M & J Lakeshore, LLC. The Surrisis submit various issues for our review, but we find one dispositive issue that the trial court erred when it affirmed the Sheriff's Bill of Sale which included the business personal property when that property was not listed as an item offered for sale in the Notice of Sheriff's Sale. We affirm in part, reverse in part, and remand.

### FACTS AND PROCEDURAL HISTORY

The Surrisis owned and operated a restaurant and bar in Culver, Indiana, and lived on the premises. Bremner loaned the Surrisis $100,000. The Surrisis gave Bremner a "security interest" in their alcoholic beverage permit (App. at 29) and a Real Estate Mortgage, Security Agreement, and Fixture Filing (*Id.* at 20), which granted, in the event of default, a mortgage on the property and a security interest in all personal property and fixtures on the premises, including those items owned by the Surrisis for their personal use.

The Surrisis defaulted and Bremner sued for damages and to foreclose the mortgage. The parties entered into an Agreed Judgment that "the Real Property and Personal Property shall be sold by the Sheriff of Marshall County." (*Id.* at 41.)

Bremner filed a Praecipe for Sheriff's Sale, requesting "certain *real property* located in Marshall County, Indiana" be sold at a Sheriff's Sale. (*Id.* at 51) (emphasis added). The Sheriff posted a Notice of Sheriff's Sale for the real property subject to the Agreed Judgment. The Notice did not mention the Surrisis' personal property and, although it purported to include the cause number for the Agreed Judgment, the number was incorrect.

Before the sheriff's sale, the Surrisis removed all personal property from the premises. Bremner and Mr. Surrisi attended the sale, and Bremner, through his assignee company M & J Lakeshore, Inc., was the highest bidder. The Sheriff then issued a bill of sale for both the real property and the "business personal property." (*Id.* at 117.) After the bill of sale was issued, the Surrisis' counsel told

Bremner's counsel the Surrisis would surrender the business personal property as requested. The Surrisis obtained new counsel a few days later, and he told Bremner's counsel the Surrisis would surrender the business personal property. However, he asserted the sheriff's bill of sale was faulty because the business personal property was not included in the Notice of Sheriff's Sale.

The Surrisis filed a "Motion for Determination of Effect of January 25, 2011 Sheriff's Sale and Request for Expedited Hearing." (*Id.* at 72). They argued the business personal property was not part of the sheriff's sale because it was not offered for sale on any of the documentation leading up to or after the sheriff's sale, and asked the trial court to set aside the purported sale of the business personal property. After a hearing the trial court denied the Surrisis' motion, finding "that notwithstanding any alleged defect in the Notice of Sheriff's Sale, the sale of the business personal property, along with the sale of the real estate, was adequately supported by the Agreed Judgment, the post-judgment agreements of the parties and the Bill of Sale issued by the sheriff." (*Id.* at 7.)

### DISCUSSION AND DECISION

In its order, the trial court entered findings and conclusions of law *sua sponte.* We apply a two-tiered standard of review to such findings and conclusions. *Money Store Investment Corp. v. Summers,* 909 N.E.2d 450, 458 (Ind.Ct.App.2009), *reh'g denied.* First, we determine whether the evidence supports the findings, then whether the findings support the judgment. *Id.* Findings and conclusions will be set aside only when they are clearly erroneous. *Id.* A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh evidence or judge the credibility of witnesses. *Id. Sua sponte* findings control only the issues they cover. *Id.*

The trial court made one finding as part of its order:

The Court finds that notwithstanding any alleged defect in the Notice of Sheriff's Sale, the sale of the business personal property, along with the sale of real estate, was adequately supported by the Agreed Judgment, the post-judgment agreements of the parties and the Bill of Sale issued by the sheriff.

(App. at 7.) The Surrisis argue the Sheriff's Bill of Sale which includes the business personal property is faulty because, according to the *praecipe* of sale, notice of sale, and tax documentation, only the real property was subject to the sheriff's sale on January 25, 2011. We agree.

 "The vacation of a sheriff's sale is committed to the sound discretion of the trial court and not to be disturbed absent a showing of an abuse of that discretion." *Finucane v. Union Planters Bank, N.A.,* 732 N.E.2d 175, 177 (Ind.Ct.App.2000). An abuse of discretion occurs when a decision is against the logic and effect of the facts and inferences supporting the judgment. *Weppler v. Stansbury,* 694 N.E.2d 1173, 1176 (Ind.Ct.App.1998). "The law allows a trial court to take a 'commonsense approach' in deciding whether or not to vacate a sheriff's sale." *Finucane,* 732 N.E.2d at 177. The court takes into consideration all circumstances, such as the inadequacy of the price, the effect of procedural irregularities, inequitable conduct, evidence of mistake or misapprehension, and problems with title. *Id.*

Requirements for a notice of sheriff's sale are set forth in Ind.Code § 32–29–7–3(g):

> Notices under subsections (d) and (e) [1] must contain a statement, for informational purposes only, of the location of each property by street address, if any, or other common description of the property other than legal description. A misstatement in the informational statement under this subsection does not invalidate an otherwise valid sale.

(footnote added). The Notice of Sheriff's Sale provided:

> TO THE OWNERS OF THE WITHIN DESCRIBED REAL ESATE AND ALL INTERESTED PARTIES
>
> By virtue of a certified copy of an Agreed Judgment Entry and Decree of Foreclosure ("Decree") sent to me by the Clerk of Marshall County, Indiana, in a case entitled, *James D. Bremner v. Lorenzo Surrisi*, individually and d/b/a City Tavern and Joette J. Surrisi, individually and d/b/a City Tavern and the State of Indiana, in Case no. 50C01–1008–MF–149, requiring me to make the sum as provided for in the Decree with interests and costs, I will expose at public sale to the highest bidder, on the 25th day of January 2011 at 1:00 p.m. of said day, at the Marshall County Sheriff's Office, 1400 Pioneer Drive, Plymouth, Indiana, 46563.
>
> Room 260 of the City–County Building of Marion County, Indiana, the fee simple of the whole body of Real Property in Marion County, Indiana: [2]

Legal Description attached hereto as Exhibit A.

(App. at 61) (footnote added). The legal description included information about the real property only, and made no mention of the personal property subject to sheriff's sale pursuant to the Agreed Judgment. In addition, it contained incorrect information regarding the location of the real property and sale location.

 Bremner asserts the failure to mention the business personal property in the notice of sheriff's sale is only a "misstatement [that] does not invalidate an otherwise valid sale." Ind.Code § 32–29–7–3(g). He cites *Indi Investments, LLC. v. Credit Union 1*, where we held the failure to mention a financial encumbrance on a property offered at sheriff's sale was not fatal to an otherwise valid sale. 884 N.E.2d 896, 899 (Ind.Ct.App.2008), *reh'g denied. Indi Investments* is distinguishable because it deals with incomplete information about the property offered at a sheriff's sale. In the instant case, the issue is not whether there was a "misstatement" in the information about the property, but rather what property was offered for sale.[3]

The Notice of Sheriff's Sale does not mention the business personal property to which Bremner asserted title after the sale, and the Praecipe for Sheriff's Sale Bremner filed requested only "that certain *real property* located in Marshall County, Indiana ... be sold by the Sheriff[.]" (App. at 51) (emphasis added). The Sales Disclosure Form, completed for tax purposes by Bremner's attorney, specifically

---

1. Subsections (d) and (e) of the statute outline the requirements for the posting of a notice of Sheriff's Sale.

2. The references to Marion County are in error, and appear in the original Notice of Sheriff's Sale.

3. The Agreed Judgment required the business personal property be sold via Sheriff's Sale. Thus, Bremner contends, the business personal property is implicitly included in the Notice of Sheriff's Sale. But the agreement did not indicate the real and personal property must be sold together, or at the same Sheriff's Sale.

indicates personal property was not included in the transfer of the real property on January 25, 2011. Thus, it appears Bremner intended to include only the real property in that Sheriff's Sale.

While there are no Indiana decisions with similar facts, we find *Van Egmond v. Horsman,* 10 P.3d 715 (Colo.App.2000), instructive. In *Van Egmond,* both real and personal property were used to secure a promissory note for the purchase of a salvage business. When Horsman defaulted, the parties agreed the real and personal property used to secure the note would be sold at a sheriff's sale. Van Egmond began proceedings to sell the real estate, and when posting notice of the sheriff's sale, listed for sale only the real property subject to the judgment. Van Egmond was the highest bidder, and contended after the sale the personal property subject to the settlement agreement was sold as part of the sheriff's sale. The Colorado Court of Appeals disagreed: "because no notice of sale was given ... with respect to the personal property, any sale of such property would have been a nullity." *Id.* at 718.

Such is the case here. The Surrisis knew their personal property could be subject to a sheriff's sale, but the notice of this sale listed only the real property. Nothing in the settlement agreement requires that the real and personal property be sold at the same sale, so a person reading the Notice, even one aware of the Agreed Judgment, would presume that only the real property was to be sold. Accordingly, we reverse and remand for vacation of the portion of the court's order indicating the Sheriff's Sale included the business personal property. On remand, the trial court should determine the amount of compensation due to the Surrisis for the loss of their business personal property.[4]

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and RILEY, J., concur.

---

4. Bremner indicates in his brief that he sold the restaurant and business personal property to a third party, therefore, he presumably cannot return those items to the Surrisis.