**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**JOHNNY W. ULMER**
Cataldo Law Offices, Inc.
Bristol, Indiana

ATTORNEYS FOR APPELLEE:

**PHILLIP A. NORMAN**
**JENNIFER L. SNOOK**
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MARIO SIMS, SR., and TIFFINY SIMS, et al., )
)
   Appellants-Defendants-Counterclaimants, )
)
          vs. )    No. 71A03-1305-MF-261
)
THE BANK OF NEW YORK MELLON f/k/a THE )
BANK OF NEW YORK AS TRUSTEE FOR THE )
CERTIFICATE HOLDERS CWABS, INC., ASSET- )
BACKED CERTIFICATES SERIES 2005-BC5, et al., )
)
   Appellee-Plaintiff-Counterdefendant. )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Margot F. Reagan, Judge
Cause No. 71D04-1001-MF-164

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Mario Sims, Sr., and Tiffiny Sims (collectively "the Simses") appeal the trial court's entry of summary judgment in favor of The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWABS, Inc., Asset-backed Certificates, Series 2005-BC5 ("the Bank") on the Bank's complaint to foreclose on its mortgage. The Simses raise the following issues for our review:

1.    Whether the trial court erred when it did not rule on the Simses' cross-motion for summary judgment against John Tiffany ("Tiffany").

2.    Whether the trial court erred when it entered summary judgment in favor of the Bank on the Bank's complaint to foreclose on its mortgage.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On August 9, 2005, John Tiffany executed a promissory note and mortgage for the purchase of a house in South Bend ("the residence") for $120,000. The original lender was FMF Capital LLC ("FMF"), with Mortgage Electronic Registration Systems, Inc. ("MERS") named as a nominee for FMF and its successors and assigns. On August 18, the mortgage was recorded with the St. Joseph County Recorder's Office ("Recorder"). The promissory note and mortgage were subsequently assigned to the Bank, and the assignment was recorded with the Recorder on July 17, 2008.

On October 31, the Simses entered into a land contract to purchase the residence from Tiffany, and that contract was recorded with the Recorder on September 4, 2009. The contract required a down payment of $12,000 and monthly payments of $1,400

2

beginning December 1, 2008, and continuing through December 1, 2011, with a total purchase price of $185,000.[1]  The land contract includes a reference to the existence of Tiffany's mortgage on the residence.

The Simses paid Tiffany the down payment and began making monthly payments to Tiffany, but at some point Tiffany stopped making mortgage payments.  Accordingly, on December 1, 2009, the Bank filed a complaint to foreclose on its mortgage with the trial court.  In the complaint, the Bank named as defendants Tiffany, the Simses, and other lienholders.  The Simses filed an answer and asserted affirmative defenses, counterclaims against the Bank, and cross-claims against Tiffany.  The Simses then contacted the Bank and inquired whether Tiffany's mortgage was assumable.  The Bank informed the Simses that they could assume the mortgage provided Tiffany requested the necessary paperwork.  But the Simses never received that paperwork.

In June 2011, Tiffany filed for bankruptcy.  Accordingly, on July 25, the Simses filed an adversary proceeding in the bankruptcy court.  In their complaint, the Simses alleged that Tiffany had defrauded them out of $26,000 (the down payment plus a total of $14,000 in monthly payments) and sought an order declaring their fraud claims nondischargeable.  Tiffany ultimately agreed to execute a quitclaim deed transferring the residence, "[s]ubject to all taxes, encumbrances, restrictions, and easements of record," to the Simses and, in exchange, the Simses agreed to dismiss their adversary claim against Tiffany with prejudice.  Appellants' App. at 206.  Hence, on March 22, 2012, the bankruptcy court entered an order dismissing the adversary claim with prejudice.

---

[1]  The contract provided that the balance owed on December 1, 2011, would be paid in a lump sum balloon payment.

In the meantime, on August 4, 2011, Tiffany filed an answer to the Bank's complaint and the Simses' cross-claim in the trial court. And on September 12, 2012, the Bank filed an appearance in Tiffany's bankruptcy proceeding and requested relief from the automatic stay, which the bankruptcy court granted.[2] On February 11, 2013, Tiffany moved for summary judgment on the Simses' cross-claims. And on March 18, the Bank filed its motion for in rem summary judgment. The Simses then filed a cross-motion for summary judgment against the Bank. On April 16, the trial court heard argument on Tiffany's summary judgment motion and the opposition thereto and took the matter under advisement. On May 31, the trial court heard argument on the Bank's motion for in rem summary judgment and the opposition thereto. At the conclusion of that hearing, the trial court entered summary judgment in favor of the Bank. The trial court has not ruled on the other summary judgment motions to date. This appeal ensued.[3]

## DISCUSSION AND DECISION

### Issue One: Cross-motion for Summary Judgment

The Simses first contend that the trial court erred "by failing to rule on the Sims[es'] Cross[-]Motion for Summary Judgment which alleged [that Tiffany] committed fraud—fraud cannot be discharged." Appellants' Brief at 10. But the Simses do not direct us to any case law to support their assertion that the trial court has erred by not having yet ruled on their cross-motion for summary judgment against Tiffany.

---

[2] In its brief on appeal, the Bank states that the bankruptcy court granted its request for a relief from the automatic stay, but the Bank does not direct us to any evidence in the record to support that statement. But, because the Simses do not dispute the Bank's assertion, we will assume it is correct for purposes of this appeal.

[3] The trial court's order is a final judgment under Indiana Appellate Rule 2(H)(2).

4

Because the trial court has not yet ruled on that motion, the issues alleged in the cross-motion are not ripe for appeal. Trial Rule 56 does not include any restrictions on a trial court's time for ruling on a summary judgment motion. Accordingly, the Simses' contention on this issue is without merit.

### Issue Two: Summary Judgment for the Bank

The Simses also contend that the trial court erred when it entered summary judgment in favor of the Bank. Our standard of review for summary judgment appeals is well established:

> When reviewing a grant [or denial] of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted). The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009). Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004).

5

Here, the Simses maintain that "[t]he Bank's claim to [the residence] is now barred by the doctrines of waiver, res judicata, collateral estoppel, and claim preclusion." Appellants' Brief at 19. But the Simses do not support that contention with citations to any relevant authority explaining the applicability of those doctrines here. And to the extent the Simses assert that the Bank was required to intervene in their adversary action against Tiffany in the bankruptcy court, they do not support that contention with citations to any relevant authority. The Bank had no reason to intervene in the adversary action, which involved only the Simses' claims of fraud against Tiffany. Once the Bank obtained relief from the stay in the bankruptcy court, the Bank was free to proceed with the foreclosure action against the real estate. See, e.g., Ellis v. M&I Bank, 960 N.E.2d 187, 189 (Ind. Ct. App. 2011).

In support of its summary judgment motion, the Bank designated undisputed evidence that it is the holder of the mortgage on the residence, that Tiffany had defaulted on the mortgage, and that the Simses' title is subject to the Bank's lien against the property.[4] A conveyance, mortgage, or lease takes priority according to the time of its filing. Ind. Code § 32-21-4-1(b). After Tiffany's mortgage was assigned to the Bank, the assignment was recorded with the Recorder on July 17, 2008. The Simses did not record their land contract until September 4, 2009. Thus, the Simses bought the residence subject to Tiffany's mortgage with the Bank, and the Simses are not bona fide

---

[4] The Simses take issue with the Bank's assertion that it owns the mortgage by assignment, but the Simses do not direct us to any designated evidence that contradicts the Bank's evidence on this issue.

purchasers.[5]  See Indi Investments, LLC v. Credit Union 1, 884 N.E.2d 896, 900 (Ind. Ct. App. 2008).

Still, the Simses also contend that the trial court should have entered summary judgment to them on their claims against the Bank on equitable grounds.  Foreclosure actions are essentially equitable.  Songer v. Civitas Bank, 771 N.E.2d 61, 69 (Ind. 2002). Particular deference is given to the judgment of the trial court where the proceeding sounds in equity, and judgments in equity are clothed in a presumption of correctness. Ind. Lawrence Bank v. PSB Credit Servs., Inc., 706 N.E.2d 570, 572 (Ind. Ct. App. 1999).

The Simses urge us to hold that, because they have paid $26,000 on the residence as well as $10,000 in repairs, they are entitled to judgment in their favor.  In support of that contention, the Simses cite Pramco III, LLC v. Yoder, 874 N.E.2d 1006 (Ind. Ct. App. 2007).  In Pramco, the trial court used its equitable power to deny forfeiture of real property where the bank had been paid more than $45,000 on a $33,000 mortgage, which was "more than enough to amortize the original note and mortgage on the Property."  874 N.E.2d at 1013-14.  Here, in contrast, the trial court declined the Simses' request to grant them equitable relief.  They had paid only $26,000 on a $120,000 mortgage, and there is no evidence that the Bank ever received any of the Simses' payments from Tiffany.  The Simses' reliance on Skendzel v. Marshall, 261 Ind. 226, 301 N.E.2d 641 (1973), is likewise misplaced.  Nothing in Skendzel supports the Simses' argument that their alleged imputed equity would defeat a recorded mortgage that has priority over a land

---

[5]  Again, the Simses acquired title to the real property by quitclaim deed, which conveyed to them Tiffany's interest in the real property subject to the mortgage.

contract. Thus, we cannot say that the trial court abused its discretion when it declined to grant the Simses equitable relief. We hold that the Simses have not shown that the trial court erred when it entered summary judgment for the Bank.

## Conclusion

The Simses have not shown that the trial court has erred by not having yet ruled on their cross-motion for summary judgment against Tiffany. The Bank designated evidence to prove that it is entitled to summary judgment on its foreclosure complaint, and the Simses did not designate any evidence to prove otherwise. Finally, the trial court did not err when it rejected the Simses' argument that they were entitled to equitable relief.

Affirmed.

BAKER, J., and CRONE, J., concur.