## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2015, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

**APPELLANT PRO SE**

Robert A. Hutchens
Carmel, Indiana

**ATTORNEY FOR APPELLEE**

Miranda D. Bray
Manley Deas Kochalski, LLC
Indianapolis, Indiana

# I N   T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert A. Hutchens,<br>*Appellant-Defendant,*<br><br>v.<br><br>BAC Home Loans Servicing, LP,<br>*Appellee-Plaintiff.* | September 24, 2015<br><br>Court of Appeals Case No.<br>29A02-1503-MF-190<br><br>Appeal from the Hamilton Superior Court.<br>The Honorable Daniel J. Pfleging, Judge.<br>Cause No. 29D02-0904-MF-1651 |

**Darden, Senior Judge**

## Statement of the Case

[1] Robert A. Hutchens appeals the trial court's order denying his motion to set aside and vacate sheriff's sale. We affirm.

## Issues

Hutchens presents four issues for our review, which we consolidate and restate as:

> I.   Whether the trial court erred by denying Hutchens' motion to set aside and vacate the sheriff's sale.
>
> II.  Whether BAC lacks the capacity to maintain an action against Hutchens.

## Facts and Procedural History

This case began with the filing of a complaint to foreclose mortgage on April 14, 2009. BAC subsequently filed a motion for summary judgment, and, following a hearing, the trial court granted BAC's motion. Hutchens appealed the grant of summary judgment, and, this Court, in a memorandum decision, affirmed the trial court. *Hutchens v. BAC Home Loans Servicing, LP*, No. 29A02-1010-MF-1085 (Ind. Ct. App. June 24, 2011). Hutchens sought transfer of this decision, but the Supreme Court denied his petition.

Later, on February 6, 2013, BAC obtained an order for sheriff's sale from the trial court, and a sheriff's sale of the real estate was set for March 28, 2013. Hutchens was served with notice of the sheriff's sale on March 6, 2013. On March 21, 2013, Hutchens filed a motion requesting the trial court to cancel the March 28, 2013 sheriff's sale stating that he received inadequate notice of the sale. Hutchens argued that, pursuant to statute, he was entitled to receive notice thirty days prior to the sale and stated that he received notice only

twenty-two days prior. The trial court granted Hutchens' motion to cancel the March 28, 2013 sale.

[5] Subsequently, BAC obtained a second order for sheriff's sale from the trial court on March 25, 2014, and a sheriff's sale was set for May 22, 2014. Hutchens was served with notice of the sheriff's sale on April 29, 2014. On May 15, 2014, Hutchens filed a motion requesting the trial court to cancel the May 22, 2014 sheriff's sale based upon the same argument as presented in his previous motion filed in March 2013. This time Hutchens alleged he received notice only twenty-three days prior to the sale. The trial court denied Hutchens' motion. The sale proceeded on May 22, 2014, and BAC submitted a bid and bought the real estate. On May 28, 2014, Hutchens filed with the trial court a motion to set aside and vacate the sheriff's sale. The trial court denied Hutchens' motion on March 16, 2015, and this appeal ensued.

## Discussion and Decision

### I. Denial of Motion to Set Aside and Vacate Sheriff's Sale

[6] Hutchens contends that the trial court erred by denying his motion to set aside and vacate the May 22, 2014 sheriff's sale due to untimely notice. The vacation of a sheriff's sale is committed to the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *Indi Invs., LLC v. Credit Union 1*, 884 N.E.2d 896, 898 (Ind. Ct. App. 2008). "The law allows a trial court to take a commonsense approach in deciding whether or not to vacate a sheriff's sale." *Id.* In doing so, the court takes into consideration all

circumstances, such as the inadequacy of the price, the effect of procedural irregularities, the existence of inequitable conduct, the evidence of mistake or misapprehension, and problems with title. *Id.* The trial court's decision in this regard is entitled to significant deference. *Centex Home Equity Corp. v. Robinson*, 776 N.E.2d 935, 942 (Ind. Ct. App. 2002).

[7] The crux of his argument is that an alleged procedural irregularity denied him due process. Hutchens asserts that the trial court should have vacated the sale because he did not receive sufficient advance notice. Particularly, he claims that the sheriff's sale statute mandates thirty days' prior notice to the owner of the real estate. Indiana Code section 32-29-7-3 governs notice of a sheriff's sale. The version of the statute that was in place at the time the complaint for foreclosure was filed in this case provided, in pertinent part:

> (d) Before selling mortgaged property, the sheriff must advertise the sale by publication once each week for three (3) successive weeks in a daily or weekly newspaper of general circulation. The sheriff shall publish the advertisement in at least one (1) newspaper published and circulated in each county where the real estate is situated. The first publication shall be made at least thirty (30) days before the date of sale. At the time of placing the first advertisement by publication, the sheriff shall also serve a copy of the written or printed notice of sale upon each owner of the real estate. Service of the written notice shall be made as provided in the Indiana Rules of Trial Procedure governing service of process upon a person.

Ind. Code §32-29-7-3 (2008).[1]

[8]     The words of a statute are to be given their plain, ordinary and usual meaning unless a contrary purpose is clearly shown by the statute itself, and the language employed is deemed to have been used intentionally. *Schafer v. Sellersburg Town Council*, 714 N.E.2d 212, 215 (Ind. Ct. App. 1999). The plain language of Indiana Code section 32-29-7-3(d) indicates that the notice of a sheriff's sale is to be served upon the owner of the real estate approximately thirty days before the sale. However, the statute does not, as Hutchens asserts, mandate that exactly thirty days' notice is to be given to the owner of the real estate. With this in mind, we look to the effect of the alleged procedural irregularity within the given circumstances.

[9]     Even assuming irregularity of the sheriff's sale notice, the fact remains that Hutchens had at least twenty-three days' advance notice of the sale. Within that period of time, Hutchens mailed to counsel for BAC on May 1, 2014, a letter demanding that the May 22, 2014 sale be canceled. *See* Appellant's Appendix pp. 48-49. Further, on May 15, he filed with the trial court his

---

[1] Previously in this case, the trial court granted Hutchens' motion to cancel and vacate the sheriff's sale of March 28, 2013, when he argued that he had insufficient notice because he had less than thirty days' notice of the sale. According to Hutchens, the trial court erred when it subsequently denied his motion to set aside and vacate the sheriff's sale of May 22, 2014 for the same reason because, in doing so, it acted contrary to the law of the case. He is incorrect. "The law of the case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts." *Think Tank Software Dev. Corp. v. Chester, Inc.*, 30 N.E.3d 738, 744 (Ind. Ct. App. 2015). Thus, the law of the case doctrine is inapplicable here.

motion to cancel and vacate the May 22, 2014 sale with supporting memorandum of law and affidavit.

[10] Moreover, this case has been pending since April 2009, with summary judgment having been granted to BAC and entered of record in September 2010 and affirmed on appeal in June 2011. In addition, the property was advertised for sheriff's sale in March 2013, and, through Hutchens' filings with the trial court and argument that he had only received twenty-two days' notice, the March 2013 sale was canceled. However, the CCS shows that following the cancellation of the first scheduled sheriff's sale, the trial court conducted a status conference on April 4, 2013, at which Hutchens appeared in person and participated. At the status conference, the trial court inquired as to whether BAC intended to schedule another sheriff's sale. BAC responded that it planned to set another sheriff's sale, and possible dates for the sale were discussed in Hutchens' presence. Thus, Hutchens was fully aware that BAC intended to sell the property at a subsequent sheriff's sale. Further, in spite of all of Hutchens' procedural maneuvering, we have not been made aware of any evidence to demonstrate that he has been harmed by less than thirty days' notice of the sheriff's sale or that he has the ability to redeem the property even if the sheriff's sale was set aside. Given the totality of the circumstances of this case and the principles of common sense, we find that Hutchens had adequate

notice of the sale, and any irregularity in the notice is harmless and is not grounds for setting aside the May 22 sheriff's sale.[2]

## II. BAC's Capacity to Maintain Action

Hutchens additionally argues that BAC does not have the legal capacity to maintain this action against him. Indiana Trial Rule 9(A) provides that "[t]he burden of proving lack of such capacity [to sue], authority, or legal existence shall be upon the person asserting lack of it, and shall be pleaded as an affirmative defense." Indiana Trial Rule 8(C) states that responsive pleadings shall set forth affirmatively all affirmative defenses. Failure to do so results in waiver. *Molargik v. W. Enters., Inc.*, 605 N.E.2d 1197, 1199 (Ind. Ct. App. 1993).

The burden of pleading and proving this affirmative defense lies with Hutchens. However, he neither asserts nor provides any evidence that he raised lack of capacity as an affirmative defense in his responsive pleading in the trial court as required by the trial rules. Instead, in an effort to avoid waiver, Hutchens points to his filing of a motion to dismiss the original complaint in 2009. In his reply brief, he refers to his 2009 motion to dismiss as a responsive pleading and claims that in it he raised the issue of BAC's capacity to maintain this action.

---

[2] Hutchens asserts that his rights under both the federal and Indiana Constitutions as well as the Civil Rights Act were violated. His argument is based solely upon his contention that the sheriff's sale statute mandates, at a minimum, thirty days' notice to the owner. Because we recognize that the statute does not mandate a specific time period and that Hutchens' twenty-three days' advance notice is not grounds for setting aside the sheriff's sale in this case, we need not address the constitutional claims he raises.

We have not been provided with these documents on appeal; however, we are able to glean some pertinent information from the CCS which shows that on November 19, 2009, Hutchens filed with the trial court a motion to dismiss the original complaint for failure to name and prosecute in the name of the real party in interest. Appellant's App. pp. 5-6. At that time, the named plaintiff was Countrywide Home Loans Servicing, L.P. On February 22, 2010, however, Countrywide filed its response to Hutchens' motion to dismiss as well as a motion to amend its name to BAC Home Loans Servicing, L.P. The trial court granted Countrywide's motion to amend four days later on February 26, 2010. *Id.* at 9.

[13] Subsequently, Hutchens raised the issue of whether BAC was a real party in interest when he appealed the trial court's grant of summary judgment in favor of BAC on its foreclosure claim. A panel of this Court discussed Countrywide's motion to amend and the amendment naming BAC as the plaintiff and concluded that BAC was authorized to pursue the foreclosure claim against Hutchens. *See Hutchens*, No. 29A02-1010-MF-1085, slip op. p. 4 n.2 and pp. 6-8. Allowing Hutchens' claim to continue in the instant appeal would allow him the possibility of endless litigation over BAC's capacity to maintain this action. This issue went to judgment and was affirmed on appeal and cannot now be resurrected and relitigated; to do so would be to contravene the doctrine of res judicata.

[14] Therefore, Hutchens has waived this issue by failing to plead it as an affirmative defense in his responsive pleading in the instant matter. Waiver

notwithstanding, the issue has been finally determined and may not be relitigated.

# Conclusion

For the reasons stated, we conclude that the trial court did not abuse its discretion in denying Hutchens' motion to set aside and vacate the sheriff's sale. Further, the issue of whether BAC has the capacity to maintain an action against Hutchens has been waived and, waiver aside, has already been litigated to a final determination.

Affirmed.

Kirsch, J., and Robb, J., concur.